**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DAVID AUSTELL,
Plaintiff-Appellant,

v.

RAYMOND JAMES & ASSOCIATES,
INCORPORATED,
Defendant-Appellee.

No. 96-1974

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CA-95-3983-6-3)

Argued: May 7, 1997

Decided: July 22, 1997

Before WILKINSON, Chief Judge, MICHAEL, Circuit Judge,
and COPENHAVER, United States District Judge for the
Southern District of West Virginia, sitting by designation.

_____

Affirmed by published opinion. Judge Copenhaver wrote the opinion,
in which Chief Judge Wilkinson and Judge Michael joined.

_____

**COUNSEL**

**ARGUED:** Robert Edward Hoskins, FOSTER & FOSTER, L.L.P.,
Greenville, South Carolina, for Appellant. Thomas Louis Stephenson,
NEXSEN, PRUET, JACOBS & POLLARD, L.L.P., Greenville,
South Carolina, for Appellee. **ON BRIEF:** David M. Yokel, MITCH-

ELL, BOUTON, DUGGAN, YOKEL, MCCALL & CHILDS, Greenville, South Carolina, for Appellant. Elizabeth M. McMillan, NEXSEN, PRUET, JACOBS & POLLARD, L.L.P., Greenville, South Carolina, for Appellee.

_____

## OPINION

COPENHAVER, District Judge:

The sole issue on appeal is whether the district court erred in determining that the Consolidated Omnibus Budget Reconciliation Act (COBRA), 29 U.S.C.A. § 1161(a), does not require sponsors of employee welfare benefit plans to offer continuation coverage for disability insurance.

Section 1161(a) provides:

> The plan sponsor of each group health plan shall provide, in accordance with this part, that each qualifying beneficiary who would lose coverage under the plan as a result of a qualifying event is entitled, under the plan, to elect, within the election period, continuation coverage under the plan.

29 U.S.C.A. § 1161(a). The term "group health plan" is described in COBRA as meaning "an employee welfare benefit plan providing medical care (as defined in section 213(d) of Title 26) to participants or beneficiaries directly or through insurance, reimbursement, or otherwise." § 1167(1). "Medical care" is defined, in turn, as meaning amounts paid for, inter alia, "the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body." 26 U.S.C.A.§ 213(d).

The appellant, Austell, maintains that this language should be construed as including disability insurance which he was receiving at the time his employment terminated with appellee, Raymond James & Associates. He presents two arguments in support of his position. The first purports to rest on ERISA's definition of an"employee welfare benefit plan," as including "any plan . . . established . . . by an

2

employer . . . for the purpose of providing . . . through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability . . . ." § 1002. Austell takes the liberty of substituting the meaning of "employee welfare benefit plan" for the term "group health plan," contending that section 1161(a) should thus be interpreted as requiring the plan sponsor to provide continuation coverage for all coverage being offered under the plan, including the disability insurance coverage he had during his employment. Such a reformulation of section 1161(a) would effectively read out of COBRA's definition of "group health plan" the qualification that the plan be one "providing medical care." See § 1167(1). It would also require the court to ignore the qualifying word "health" and impermissibly broaden the scope of section 1161(a) to render it applicable to a group plan, whether a "health" plan or not. We decline to accept Austell's suggested revision of section 1161(a).

There is no indication that Austell's reading would be consistent with the intent of Congress to protect against the loss of health care coverage. Other courts note in general that the continuation requirement of COBRA is designed to focus on the provision of health care coverage. See Smith v. Hartford Ins. Group, 6 F.3d 131, 140 n.10 (3d Cir. 1993) (stating that COBRA is remedial legislation enacted to address Congressional concern about "reports of the growing number of Americans without any health insurance coverage and the decreasing willingness of our Nation's hospitals to provide care to those who cannot afford to pay") (quoting H.R. Rep. No. 241, 99th Cong., 2d Sess. 44, reprinted in 1986 U.S.C.C.A.N. 42, 579, 622); Local 217 Hotel & Restaurant Employees Union v. MHM, Inc., 805 F. Supp. 93, 113 (D. Conn. 1991) (stating that COBRA was enacted to require employers to continue to provide health coverage), aff'd, 976 F.2d 805 (2d Cir. 1992). As the district court noted in Jefferson, the purpose of section 1161(a) "is to prevent individuals covered under their employer's ERISA plan from having no group health coverage at all from the time a qualifying event terminates their coverage to the time in which they are able to secure some other coverage." Jefferson, 818 F. Supp. at 1524 (citing National Companies Health Benefit Plan v. St. Joseph's Hosp. of Atlanta, Inc., 929 F.2d 1558, 1569 (11th Cir. 1991)).

3

It is also observed that two federal courts have stated in dicta that COBRA continuation rights do not apply to disability insurance. Moffitt v. Whittle Communications, L.P., 895 F. Supp. 961, 968 n.6 (E.D. Tenn. 1995) (stating that "it appears that these provisions of COBRA mandate continuation of coverage and conversion privileges with respect to employee welfare benefit plans which provide health insurance, as distinguished from disability insurance"); Burgess v. UNUM, No. C-95-0229 SI, 1995 WL 581151, at *3, n.3 (N.D. Cal., Sept. 25, 1995) (stating that "[l]ong-term disability coverage is explicitly exempted from COBRA, since it is not considered a `medical benefit' as defined by COBRA") (citing Prop. Treas. Reg., 52 Fed. Reg. 22716, Q & A 7 (1987));* cf. Jefferson v. Reliance Standard Life Ins. Co., 818 F. Supp. 1523, 1524-25 (M.D. Fla. 1993) (stating that COBRA does not require continuation coverage for life or accidental death and dismemberment insurance offered through an employee welfare benefit plan), rev'd on other grounds, 85 F.3d 642 (11th Cir. 1996) (unpublished table decision).

Second, Austell contends that even if "group health plan" means only that aspect of the plan which provides "medical care," disability insurance qualifies as "medical care" because it is an "amount paid" for the "mitigation" of disease within the meaning of section 213(d) of the Internal Revenue Code. This argument is equally unpersuasive.

The word "mitigate" is defined as: "To modify (a quality or condition) in force or intensity; alleviate." The American Heritage Dictionary of the English Language 841 (new college ed. 1976). Disability insurance payments cannot reasonably be viewed as sums paid for the mitigation of disease within the meaning of section 213(d), calling for

_____

*Austell cites two cases, Webster v. United States, 262 F. Supp. 718 (W.D.N.Y. 1965), aff'd, 371 F.2d 441 (2d Cir. 1967), and Heard v. Commissioner of Internal Revenue, 269 F.2d 911 (3d Cir. 1959), as support for the proposition that premiums paid on disability insurance policies are deductible medical expenses under section 213(d). The holdings in those cases are no longer valid in light of subsequent Revenue Rulings. E.g., Revenue Ruling 68-212, 1968-1 C.B. 91 (premiums paid for insurance policies providing indemnity for, inter alia, "loss of earnings during disability, will not be deductible as medical expenses for taxable years beginning after December 31, 1966").

4

the "diagnosis, cure, mitigation, treatment or prevention of disease"; that is, disability insurance is not an amount paid to modify or alleviate disease, just as it is not an amount paid to diagnose, cure, treat or prevent disease. It is instead basically designed to replace lost wages. See, e.g., Standard Oil Co. of Calif. v. Agsalud, 442 F. Supp. 695, 698-99 (N.D. Calif. 1977), aff'd, 633 F.2d 760 (9th Cir. 1980), aff'd, 454 U.S. 801 (1981).

The judgment of the district court is affirmed.

AFFIRMED

5