**Dennis FITZGERALD,**
**Plaintiff, Appellant,**

v.

**CODEX CORPORATION,**
**Defendant, Appellee.**

No. 88–1781.

United States Court of Appeals,
First Circuit.

Argued Jan. 10, 1989.

Decided Aug. 17, 1989.

Ernest C. Hadley, Wareham, Mass., for plaintiff, appellant.

James W. Nagle with whom Robert M. Hale and Goodwin, Procter & Hoar, Boston, Mass., were on brief for defendant, appellee.

Before BREYER, ALDRICH and TORRUELLA, Circuit Judges.

TORRUELLA, Circuit Judge.

Dennis Fitzgerald originally filed the complaint in this case in the Superior Court for the Commonwealth of Massachusetts. Fitzgerald stated contract and tort claims against his former employer, Codex Corpo-

ration ("Codex") for wrongful discharge.[1] Essentially, he claimed that Codex discharged him in retaliation for and to avoid Fitzgerald's former wife trying to collect health benefits under Codex's health plan.

Codex removed the case to the United States District Court asserting that Fitzgerald's claims related to an employee benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Fitzgerald unsuccessfully sought remand.

A week after removal, Codex filed a motion to dismiss on the ground that the common law claims were preempted by ERISA and that, under ERISA, the complaint failed to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6). Fitzgerald filed a timely opposition. The Court, through a margin notation, dismissed the complaint. On appeal, Fitzgerald essentially seeks remand on the grounds that there is no federal question jurisdiction.

*Removal Jurisdiction*

■ We start with the general rule that a complaint originally filed in state court cannot be removed to federal court unless federal jurisdiction appears from the face of a "well-pleaded complaint." *Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Louisville v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). The rule has been stated by the Supreme Court as follows:

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Franchise Tax Bd. v. Laborers Vacation Trust,* 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983) (quoting *Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 725, 58 L.Ed. 1218 (1914)). In the case at

bar, it is undisputed that federal jurisdiction does not appear from the face of the complaint.

■ As an exception the well-pleaded complaint rule, there are circumstances where "Congress may so completely preempt a particular area" that any complaint arising in that area is "necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546–47, 95 L.Ed.2d 55 (1987). For instance, in the area of labor disputes, an action brought in state court based on a collective bargaining agreement subject to the Labor Management Relations Act ("LMRA") can be removed to federal court without having to comply with the well-pleaded complaint rule. *Avco Corp. v. Aero Lodge 735,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); *Oglesby v. RCA, Corp.,* 752 F.2d 272 (7th Cir.1985). The rationale for this decision is that the preemptive force of § 301 of the LMRA is "so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'" *Franchise Tax Bd.,* 463 U.S. at 23, 103 S.Ct. at 2853. Such an action is necessarily federal in character and thus removable to federal court.

Another area which is so pervasively regulated by Federal law is that of employment retirement benefits. In ERISA, Congress sought to

> protect ... *participants in employee benefit plans and their beneficiaries,* by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and *by providing for appropriate remedies, sanctions, and ready access to the Federal courts.* (Emphasis added).

*Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 44, 107 S.Ct. 1549, 1551, 95 L.Ed.2d 39 (1987) (quoting from the statute).

In addition to comprehensively regulating certain employees welfare benefit plans, ERISA specifically preempts most

---

**1.** Plaintiff stated a third claim which is not the    subject of this appeal.

state laws that "relate to" plans covered under ERISA. ERISA § 514(a), 29 U.S.C. § 1144(a). Based on the Congressional intent to preempt clearly set out in ERISA, the Supreme Court, applying the *Avco* principle, has held that causes of action within the scope of the civil enforcement provisions of ERISA, § 502(a), 29 U.S.C. § 1132(a), are removable to federal court. *Taylor*, 481 U.S. at 66, 107 S.Ct. at 1548.

■ Turning to the case at bar, we find that the cause of action brought by Fitzgerald in Massachusetts State Court falls within the scope of the civil enforcement provisions of ERISA and thus is removable to federal court.

Not only does Fitzgerald's claim "relate to" a plan covered under ERISA and thus become preempted under ERISA's preemption clause, but a specific provision of the Act creates a similar cause of action that protects an employee from wrongful interference by the employer. Under Section 510 it is

> *unlawful* for any *person to discharge,* fine, suspend, expel, discipline, or discriminate against a *participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan,* this subchapter, section 1201 of this title, or the Welfare and Pension Plans Disclosure Act, or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act. It shall be unlawful for any person to discharge, fine, suspend, expel, or discriminate against any person because he has given information or has testified or is about to testify in any inquiry or proceeding relating to this chapter or the Welfare and Pension Plans Disclosure Act. *The provisions of section 1132 [ERISA, § 502] of this title*

> *shall be applicable in the enforcement of this section.*

29 U.S.C. § 1140 (emphasis supplied).

Fitzgerald's complaint is grounded upon Codex's alleged wrongful motivation in terminating his employment: to avoid payment under an ERISA plan to Fitzgerald's former wife. This claim has much more than the requisite "connection or reference" to an ERISA plan. *Shaw v. Delta Airlines,* 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). Its focus is Codex's interference with alleged benefit rights. This is precisely the type of action that section 510 sought to cover and that is essential to the Act's protection.

Thus, this action is "necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, 'arises under ... the laws ... of the United States,' 28 U.S.C. § 1331, and is removable to federal court by defendant, 28 U.S.C. § 1441(b)." *Taylor,* 481 U.S. at 67, 107 S.Ct. at 1548. The district court correctly denied Fitzgerald's motion for remand.[2]

*Fitzgerald's claim under ERISA*

The common law and state law remedies having been displaced completely by ERISA in this case, there remains to determine whether Fitzgerald stated a *federal* claim upon which relief could be granted. Although we normally will not address an issue not properly raised below, *United States v. Krynicki,* 689 F.2d 289, 291 (1st Cir.1982), this is one of the few exceptional cases where "injustice might otherwise result." *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1975). For the purpose of defeating federal question jurisdiction, Fitzgerald has stated repeatedly that he did not intend to state a claim under section 510 of ERISA. Considering that plaintiff lost the jurisdictional argument and that the sufficiency of the complaint is a question of law, we will address the issue of whether plaintiff has stated a claim upon which relief can be granted. As stated by the Court, procedur-

---

**2.** We reject Fitzgerald's argument that the action is not preempted because it relates to Massachusetts domestic relations law. His argument is based on the allegation that it was the Probate and Family Court judge, who, during the di-

vorce proceedings, suggested that his former wife claim benefits to Codex. It is difficult to see, however, how the action *in this case* is so related to Massachusetts domestic law that it is exempted from the ERISA preemption clause.

al rules are "devised to promote the ends of justice, not to defeat them." *Hormel v. Helvering*, 312 U.S. 552, 557, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1940).

The district court had dismissed the complaint on the grounds that the claims were preempted by ERISA. The fact that the field has been preempted does not necessarily indicate that under Fed.R.Civ.P. 12(b)(6) a complaint fails to state a claim upon which relief can be granted.

■ The "theory of the pleadings" doctrine, under which a complaint must proceed upon some definite theory and plaintiff must succeed on that theory or not succeed at all, has been all but abolished under the federal rules. C. Wright & A. Miller, 5 *Federal Practice & Procedure*, § 1219 (1969). Thus, under Fed.R.Civ.P. 8 it is not necessary that a legal theory be pleaded in the complaint if plaintiff sets forth "sufficient factual allegations to state a claim showing that he is entitled to relief" under *some* viable legal theory. *Rahler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir.1978); *In re Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir.1981).

■ As previously mentioned, under 29 U.S.C. § 1140 it is unlawful for any person to discharge or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an ERISA plan. An employee can enforce this section by way of a civil action against his employer under 29 U.S.C. § 1132.

In his complaint, Fitzgerald has pleaded the following facts and statements, which, if ultimately proven would entitle him to relief under 29 U.S.C. § 1132 and § 1140. On October 1983, shortly after his divorce, Fitzgerald started his position with Codex as a Software Quality Assurance Engineer. The following year, Fitzgerald's former wife sued Codex in state court alleging that she was entitled to coverage under Codex's medical plan. While this suit was pending, Fitzgerald was asked by his supervisor, Joseph Manduca, to call in his location when not in the office. Before a month elapsed, Manduca sent Fitzgerald a memorandum instructing him to report to the department's secretary each morning. These two requirements were not imposed on any other employee under Manduca's supervision. Fitzgerald also was informed by a Codex staff attorney that if Codex lost the pending suit instituted by Fitzgerald's former wife, the decision could affect hundreds of other pending cases involving medical coverage. Thus, the attorney "advised" Fitzgerald to secure a private health plan for his former wife. A few weeks after this conversation, Fitzgerald was notified of his discharge. The stated reason for the termination was Fitzgerald's alleged failure to complete a certain assignment. At another meeting with Codex's representatives, however, Fitzgerald was told that he was being terminated due to the elimination of his position. Nevertheless, at the time of discharge, Codex had an open requisition for Fitzgerald's position, which was filled after Fitzgerald's termination. Fitzgerald's work at Codex was at a satisfactory or above satisfactory level. Accepting these allegations as true, plaintiff has pleaded sufficient facts that would entitle him relief under ERISA.

Codex, however, advocates a painfully strict construction of 29 U.S.C. § 1140. Because the section refers to participant *or* beneficiary, Codex maintains that a suit can only be brought by a participant or beneficiary who has been retaliated against for exercising his or her *own* rights under a plan. The section excludes, Codex maintains, retaliation or discrimination against a participant for the actions of a beneficiary. Neither logic nor the language of the statute support such a cramped interpretation. Under the theory advanced by Codex it would be illegal for an employer to discharge an employee in retaliation for exercising rights under a plan but legal to fire an employee if it is the participant's spouse, *i.e.*, a beneficiary, who exercises those rights. We reject this narrow construction. It clashes against the congressional intent of protecting participants and beneficiaries in the exercise of rights under an ERISA plan. We hold that an employee who is fired in retaliation for his or her former spouse's having made a claim under

the employer's ERISA plan is entitled to sue the employer under 29 U.S.C. § 1132 and § 1140.

The judgment dismissing the complaint is *reversed* and the case *remanded*.