Berlin City Ford v. Roberts Planning  CV-94-45-B    09/02/94

UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Berlin City Ford, Inc.</u>

        v.                                Civil No. 94-45-B

<u>Roberts Planning Group</u>


                            **O R D E R**

    Plaintiff, administrator of profit sharing and pension

plans, filed a state action in the Coos County Superior Court

alleging defendant gave negligent advice and assistance to the

plans.  Defendant timely filed a notice of removal in accordance

with 28 U.S.C. § 1446(a), asserting that the action is governed

by the Employment Retirement Income Security Act ("ERISA"), 29

U.S.C. § 1001, <u>et seq.</u> (West 1985 & Supp. 1992).  Plaintiff

contends that ERISA neither governs nor preempts the action and

has filed a motion to remand pursuant to 28 U.S.C. § 1447(c).

                    **I.  BACKGROUND**

    Plaintiff Berlin City Ford ("Berlin"), the administrator of

the Berlin City Ford Profit Sharing and Money Purchase Pension

Plans, hired defendant Roberts Planning Group ("Roberts") "to

provide professional advice and assistance in the formulation,

establishment, and administration of the plans."  Berlin contends

that Roberts performed its duties negligently, and as a result,

Berlin may be subject to substantial penalties and expenses. Berlin requests that Roberts be held liable for damage proximately caused by its negligent advice and assistance.

## II.  **DISCUSSION**

### A.  Removal Jurisdiction

Under 28 U.S.C. § 1441, defendants may remove state court actions over which federal courts have "original jurisdiction." Generally, removal is appropriate only if plaintiff's claim establishes the basis for original jurisdiction. See, e.g., Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 10 (1983); Fitzgerald v. Codex Corp., 882 F.2d 586, 587 (1st Cir. 1989). This long established principle, commonly referred to as the "well-pleaded complaint" rule, prevents defendants from removing complaints grounded in state law if the only basis for federal jurisdiction is a defense arising out of federal law. See, e.g., Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987); Franchise Tax Bd., 463 U.S. at 10; Fitzgerald, 882 F.2d at 587. However, an exception to the well-pleaded complaint rule exists where Congress has "so completely preempt[ed] a particular area" that complaints arising in that area are "necessarily federal in character." Taylor, 481 U.S. at

2

53-64.  One area that is "so pervasively regulated by Federal law is that of employment retirement benefits."  Fitzgerald, 882 F.2d at 587.  Through ERISA, Congress sought to

> protect . . . participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts.

29 U.S.C. § 1001(b).

"In addition to comprehensively regulating certain employees welfare benefit plans, ERISA specifically preempts most state laws that 'relate to' plans covered under ERISA."  Fitzgerald, 882 F.2d at 587-88 (quoting 29 U.S.C. § 1114(a)).  "Based on the Congressional intent to preempt clearly set out in ERISA, the Supreme Court . . . has held that causes of action within the scope of the civil enforcement provisions of ERISA, . . . 29 U.S.C. § 1132(a), are removable to federal court."  Id. (citing Taylor, 481 U.S. at 66).

Turning to the instant case, it is undisputed that federal jurisdiction does not appear on the face of Berlin's complaint.  Accordingly, I must determine whether its claims nevertheless

3

"relate to" a plan covered under ERISA and are thus preempted.

B.  ERISA Analysis

"A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." Shaw, 463 U.S. at 96-97.  Moreover, "a state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect." Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990) (citing Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47 (1987)); accord Shaw, 463 U.S. at 98.

In the final analysis, "the question whether a certain state action is pre-empted by federal law is one of congressional intent." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 208 (1985).  While the task of discerning congressional intent can sometimes be difficult, section 1114(a)'s "bold and capacious language provides a particularly incisive manifestation of congressional purpose, thus easing the judicial chore." McCoy, 950 F.2d at 17; see also Ingersoll-Rand Co., 498 U.S. at 138:

> The key to [the preemption provision] is found in the words "relate to."  Congress used those words in their broad sense, rejecting more limited pre-emption language that would have made the clause "applicable only to state laws relating to the specific subjects covered by ERISA."

4

(quoting Shaw, 463 U.S. at 98); Pilot Life Ins., 481 U.S. at 46 (the preemption clause's "deliberately expansive" language was "designed to 'establish pension plan regulation as exclusively a federal concern'") (quoting Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 523 (1981)).

Notwithstanding its "long shadow," McCoy, 950 F.2d at 17, the Supreme Court has recognized limits to ERISA's preemption clause. See Shaw, 463 U.S. at 100 n.21 ("[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan"); see also Ingersoll-Rand Co., 498 U.S. at 139 (and cases cited therein). Although it is not always easy to distinguish those state statutes that "fall prey to ERISA" from those that "stand fast," the Court of Appeals for this Circuit has instructed that, "to the extent that gray areas exist, the policy rationales that permeate ERISA and its preemption clause can afford sound guidance in determining what state laws may survive." McCoy, 950 F.2d at 17-18. The preemption clause was intended

> to ensure that plans and plan sponsors would
> be subject to a uniform body of benefits law;
> the goal was to minimize the administrative
> and financial burden of complying with
> conflicting directives among States or

5

> between States and the Federal Government.
> Otherwise, the inefficiencies created could
> work to the detriment of plan beneficiaries.

Ingersoll-Rand Co., 498 U.S. at 142.  The Supreme Court "has often justified [the preemption clause's] elongated reach by citing Congress' desire to avoid a 'patchwork scheme of regulation [which] would introduce considerable inefficiencies in benefit program operation.'"  McCoy, 950 F.2d at 18 (quoting Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 11 (1987)).

C.  Application

For the purpose of arguing the removal issue, both parties assume that Roberts is not a plan fiduciary.[1]  Thus, the issue to be resolved is whether a plan administrator's state law professional negligence claims against a non-fiduciary "relate to" an ERISA regulated plan within the meaning of 29 U.S.C. § 1144(a).

---

[1] The evidence presented comports with this assumption. Berlin's allegations make no reference to Roberts having fiduciary duties or responsibilities, and Roberts asserts that its only role in connection with the plan was to provide third party administrative services like reporting and recordkeeping. There has been no assertion that Roberts had any discretionary control over management of the plans or exercised any authority or control over the management or disposition of plan assets. 29 U.S.C.A. § 1002(21(A) (ERISA's definition of fiduciary).  For the purposes of this motion I therefore accept their assumption that Roberts is not a fiduciary within the meaning of ERISA.

Determining which state actions "relate to" an ERISA plan and which ones are "remote" has generated a number of decisions in the lower federal courts. Generally, state laws that provide alternative cause(s) of action for beneficiaries seeking to collect or enforce plan benefits have been deemed preempted, see Custer v. Pan American Life Ins. Co., 12 F.3d 410, 418 (4th Cir. 1993) (state suit by employee seeking payment of benefits for medical benefits allegedly wrongly withheld preempted); Gibson v. Prudential Ins. Co., 915 F.2d 414, 417 (9th Cir. 1990) (beneficiary's state law claims for breach of contract and good faith and fair dealing against insurer preempted); Howard v. Parisian, Inc., 807 F.2d 1560, 1565 (11th Cir. 1987) (state law claims for bad faith refusal to award benefits and intentional infliction of emotional distress dismissed as preempted due to nature of claims as wrongful termination of benefits claims), as have state laws drafted to expressly relate to ERISA plans, regardless of their accord with the provisions of ERISA. McCoy, 950 F.2d at 19; see also Mackey v. Lanier Collection Agency & Serv., Inc., 486 U.S. 825, 838 n.12 (1988). On the other hand, state laws of general application that have only an incidental effect on the administration of ERISA plans and that do not affect relationships between a plan's fiduciaries and its

7

beneficiaries have been ruled to be not preempted.  See <u>Airparts Co., Inc. v. Custom Benefit Servs. of Austin Inc.</u>, No. 93-3268, 1994 WL 13470 at *3 (10th Cir. Kan. June 30, 1994) (no preemption found where plan trustees sued non-fiduciary corporation for state claims of negligence, indemnity and fraud); <u>Electric Wire Products Bay Associates, Inc. v. Pacific Retirement Plans, Inc.</u>, No. C-93-4286-DLJ, 1994 WL 36989 at *3 (N.D. Cal. Jan 31, 1994) (no preemption where pension plan and its sponsor sued corporation hired to provide expert advice assistance and administration to the plan for negligence in said advice); <u>Donald I. Galen, M.D., Inc. v. McAllister</u>, 833 F. Supp. 761, 763 (N.D. Cal. 1992) (employer/plan-sponsor suit against consultants administrators and recordkeepers of plan for claims whose essential nature was related to professional and contractual relationship remanded to state court because action not preempted by ERISA); <u>see also</u> <u>Memorial Hosp. System v. Northbrook Life Ins. Co.</u>, 904 F.2d 236, 250 (5th Cir. 1990) (hospital's claim against employer and health insurer for misrepresentation of coverage not preempted); <u>Painters of Philadelphia Dist. Council No. 21 Welfare Fund v. Price Waterhouse</u>, 879 F.2d 1146, 1153 (3rd Cir. 1989) (dicta stating that Congress did not intend to preempt state law malpractice actions through enactment of ERISA).

Examining the nature of the suit at issue here, Berlin's state law negligence claims do not arise from the administration of the plan itself, or the provision of any plan benefits. Likewise the suit does not involve parties whose relationships are governed by ERISA such as relations among the plan's beneficiaries, administrators, or fiduciaries. In short, Berlin's state law claims have little or nothing to do with the operation of the plan itself. Accordingly, Berlin's claims against Roberts must be remanded to state court because they do not relate to an ERISA plan.

Roberts nevertheless relies in part on the First Circuit's recent decision in Reich v. Rowe, 20 F.3d 25 (1994). There, the court held that the Secretary of Labor could not rely on ERISA to support a claim for equitable relief against a non-fiduciary who knowingly participates in a fiduciary breach. Id. at 29-30. Apparently relying on the fact that the court had to accept subject matter jurisdiction over the Secretary's claim in order to dismiss it pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, Roberts argues that the case supports its position that this court has jurisdiction over Berlin's claims. This argument is misconceived because it overlooks a fundamental difference between the two cases. In Reich, the court considered

9

a claim for relief that was expressly based on ERISA. Accordingly, it could not decline jurisdiction over the claim. Instead, the court had to determine the adequacy of the federal claim. Here in contrast, the plaintiff does not rely on federal law to support its claim. Thus, I must resolve the jurisdictional question that was not considered in Reich.

I acknowledge that Reich identifies important public policy concerns that advise against the use of the court's power to create a new federal common law remedy against non-fiduciaries. See, e.g., id. at 32 ("we are concerned that extending the threat of liability over the heads of those who only lend professional services to a plan without exercising any control over, or transacting with, plan assets will deter such individuals from helping fiduciaries navigate the intricate financial and legal thickets of ERISA"). However, it is another matter entirely to construe ERISA to protect non-fiduciaries from state laws of general applicability that are intended to ensure that professional services are rendered with reasonable diligence. Reich did not address the latter issue. Thus, I give the decision no weight in my analysis.

10

### III. CONCLUSION

For the foregoing reasons plaintiff's Motion to Remand (document 6) is granted, and the case is hereby remanded to the Coos County Superior Court for further consideration consistent with this order.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

September 2, 1994

cc:　Russell F. Hilliard, Esq.
　　Thomas J. Donovan, Esq.

11