UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT



No. 95-2244

WILLIAM DEGNAN, JR.,

Plaintiff, Appellant,

v.

PUBLICKER INDUSTRIES, INC., ET. AL.,

Defendants, Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark L. Wolf, U.S. District Judge] 



Before

Selya and Cyr, Circuit Judges, 

and Gertner,* District Judge. 



Sydelle Pittas for appellant. 
Thomas E. Shirley, with whom Liam T. O'Connell and Choate, 
Hall & Stewart were on brief, for appellees. 



May 1, 1996





*Of the District of Massachusetts, sitting by designation.

SELYA, Circuit Judge. William Degnan, Jr., the former SELYA, Circuit Judge. 

president of Fenwal Electronics, Inc., a wholly owned subsidiary

of Publicker Industries, Inc., initiated this misrepresentation

action in a Massachusetts state court against Fenwal and

Publicker on November 14, 1994. He framed his complaint

exclusively in terms of state law, alleging in substance that the

defendants induced him to take early retirement at age fifty-five

by promising to revise a corporate retirement plan so as to make

him eligible for full retirement benefits at that age; and that,

after he retired (giving up lucrative employment opportunities

elsewhere), the defendants paid him the agreed amount for only

eighteen months before they breached their promise (claiming that

he did not qualify for full benefits under the amended plan).

The defendants removed the case to the federal district court and

sought dismissal on preemption grounds.

On September 8, 1995, the district court found that the

Employee Retirement Income Security Act of 1974 (ERISA), 29

U.S.C. 1001 et seq., and in particular, ERISA's broad-gauged 

preemption clause, 29 U.S.C. 1144(a) (1994), preempted Degnan's

common law misrepresentation claims against the defendants. Upon

reviewing the matter de novo, see Correa-Martinez v. Arrillaga- 

Belendez, 903 F.2d 49, 52 (1st Cir. 1990), we agree that the 

common law claims were preempted and that the complaint as framed

courted dismissal. See Fed. R. Civ. P. 12(b)(6) (authorizing 

dismissal for the pleader's failure to state an actionable

claim).

2

We need not dwell upon the rationale for finding

preemption. Suffice it to say that, in its order of dismissal,

the district court characterized the instant case as "analogous"

in all material respects to a case previously decided by this

court, namely, Carlo v. Reed Rolled Thread Die Co., 49 F.3d 790, 

793-95 (1st Cir. 1995) (ruling that ERISA preempted a state-law

misrepresentation claim). We readily agree that Carlo controls 

here, and add only that in his appellate briefs Degnan has failed

to advance any plausible basis for distinguishing this case from

Carlo. 

Under ordinary circumstances, this would be the end of

the matter. Where, as here, the plaintiff chooses not to ask the

trial court for permission to amend but stands upon his complaint

in the face of an order dismissing it, and thereafter loses the

ensuing appeal, he is not entitled to a second bite of the

banana. See, e.g., Royal Business Group, Inc. v. Realist, Inc., 

933 F.2d 1056, 1066 (1st Cir. 1991) (explaining that when a party

elects to appeal rather than attempt to amend a complaint, it ill

behooves that party to suggest at a later date that it could have

satisfied the district court's concerns by amending the

complaint); James v. Watt, 716 F.2d 71, 78 (1st Cir. 1983) 

(admonishing that courts should not routinely allow plaintiffs to

"pursue a case to judgment and then, if they lose, to reopen the

case by amending their complaint to take account of the court's

decision"), cert. denied, 467 U.S. 1209 (1984). 

The rule, however, is not inflexible. We have

3

recognized that, even if the pleader has elected to dig in his

heels, appealing from a judgment of dismissal rather than

endeavoring to reframe his complaint, "an appellate court has the

power, in the interest of justice, to grant leave to amend if the

circumstances warrant." Rivera-Gomez v. de Castro, 843 F.2d 631, 

636 (1st Cir. 1988). This approach finds ample support in other

appellate authority, see, e.g., Bryan v. Austin, 354 U.S. 933, 

933 (1957) (per curiam); Whitelock v. Leatherman, 460 F.2d 507, 

515 (10th Cir. 1972); Moviecolor Ltd. v. Eastman Kodak Co., 288 

F.2d 80, 88 (2d Cir.), cert. denied, 368 U.S. 821 (1961), among 

the commentators, see, e.g., 3 J. Moore, Moore's Federal Practice 

15.11 at 15-109 (1983), in the Code, see, e.g., 28 U.S.C.  

2106 (1994) ("[A] court of appellate jurisdiction may . . .

direct the entry of such appropriate judgment . . . as may be

just under the circumstances."), and in the spirit that pervades

the Civil Rules, see, e.g., Fed. R. Civ. P. 15(a) (counseling 

that leave to amend "shall be freely given when justice so

requires").

This is a suitable instance in which to invoke the

exception to the general rule. The appeal is in a highly

idiosyncratic posture. On March 19, 1996, after the parties had

briefed this appeal but two weeks before oral argument, the

Supreme Court issued its opinion in Varity Corp. v. Howe, 116 S. 

Ct. 1065 (1996). Varity shed new light on the Court's earlier 

holding in Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 

134 (1985), and indicated that, in certain circumstances, an

4

individual plan participant or beneficiary may be able to obtain

equitable relief under the ERISA statute itself for harm caused 

by an employer's breach of its fiduciary obligations. See 

Varity, 116 S. Ct. at 1075-79; see also 29 U.S.C. 1132(a) 

(1994) (enumerating equitable remedies under ERISA). Because we

deemed Varity to have possible applicability here, we immediately 

called the opinion to the parties' attention and directed them to

be prepared to discuss it. We heard oral argument on April 2,

1996. We then ordered the parties to file supplemental briefs

addressing the potential applicability (if any) of Varity to 

Degnan's situation.1

We have examined the record in this case in light of

Varity and of the parties' supplemental briefs. We see both 

procedural and substantive problems. The procedural problem

stems from the fact that Degnan framed his suit as a common law

cause of action for misrepresentation rather than as a statutory

ERISA-based claim for breach of a fiduciary duty. The district

court treated the claim as asserted and, under our Carlo 

precedent, correctly found the pleaded cause of action to be

preempted. The plaintiff neither asked the court to consider the

possibility of a statutorily based claim nor sought leave to file

an amended complaint. As we have said, these failings would be

fatal in the typical case. See, e.g., Royal Business Group, 933 

F.2d at 1066.
 

1Simultaneous with the filing of his supplemental brief, the
appellant also moved to enlarge the record on appeal. In view of
our disposition today, the motion is moot.

5

This case, however, is atypical. When Degnan eschewed

amendment in the district court, Varity had not yet been decided 

and the state of the law was in flux. We think it is appropriate

for an appellate court to consider granting the type of

extraordinary relief that the plaintiff requests here 

permitting an amendment even after affirmance of an order of

dismissal when an important new decision intervenes. See 

Dartmouth Review v. Dartmouth College, 889 F.2d 13, 23 (1st Cir. 

1989) (suggesting that such an amendment should be allowed if

"some new concept has surfaced, making workable an action

previously in the doldrums"); Pross v. Katz, 784 F.2d 455, 460 

(2d Cir. 1986) (similar). That scenario, broadly speaking,

appears to exist here.

We find added impetus for applying the exception

because of the nature of the case. ERISA is a remedial statute

designed to fashion anodynes that protect the interests of plan

participants and beneficiaries. See 29 U.S.C. 1001(b) 

(articulating policy "to protect . . . the interests of

participants in employee benefit plans and their beneficiaries .

. . by providing for appropriate remedies, sanctions, and ready

access to the Federal courts"); see also Varity, 116 S. Ct. at 

1078; Johnson v. Watts Regulator Co., 63 F.3d 1129, 1132 (1st 

Cir. 1995). Courts should not hasten to employ technical rules

of pleading and practice to defeat that goal. In this respect,

Fitzgerald v. Codex Corp., 882 F.2d 586 (1st Cir. 1989), is 

instructive. There the state law remedies that the plaintiff

6

sought were held to have been entirely displaced by ERISA. See 

id. at 588. Although the plaintiff had not attempted to state a 

federal claim in the district court, we nonetheless proceeded to

inquire whether his complaint could be read to contain a federal

claim upon which relief might be granted. See id. at 589. 

Answering that question in the affirmative, we reversed the order

of dismissal. See id. 

The short of it is that in Fitzgerald, as in Rivera- 

Gomez, we departed from our usual praxis to avoid injustice. We 

believe that, given the purport and timing of the Court's opinion

in Varity, the same result should obtain here. The procedural 

barrier to permitting an amendment is, therefore, superable.

The substantive problem is whether or not the plaintiff

can state a claim under Varity.2 At this juncture, we simply 

cannot tell. Because the plaintiff has not yet tried to plead a

Varity claim, we do not know how well the shoe fits, or if it 

fits at all. Rather than guessing at what facts the plaintiff

conceivably could allege in an amended complaint, we think that

the course of prudence is to give the plaintiff an opportunity to

supplement his factual allegations with whatever additional

averments he believes would buttress Varity-type claims, and, 

once an amended complaint is filed, to permit the district court

to address the substantive problem, i.e., the sufficiency of the
 

2We note that the substantive and procedural problems
interlock because leave to file an amended complaint should not
be granted if it is clear that the amendment would be in vain.
See Foman v. Davis, 371 U.S. 178, 182 (1962); Correa-Martinez, 
903 F.2d at 59.

7

amended complaint, in the first instance.

We need go no further. We remand with directions to

grant the plaintiff permission to file an amended complaint

limited to whatever Varity-type claims he may envision under 

ERISA. From that point forward, the district court can proceed

in the ordinary course. For our part, we take no view of whether

the plaintiff's case fits the Varity mold from the perspective of 

either pleadings or proof.

We affirm the dismissal of the complaint insofar as it We affirm the dismissal of the complaint insofar as it 

purports to state claims based on the common law or on state law, purports to state claims based on the common law or on state law, 

and we remand the case to the district court with an express and we remand the case to the district court with an express 

direction that it permit the plaintiff to file an amended direction that it permit the plaintiff to file an amended 

complaint limited to his claim(s) under ERISA. The parties shall complaint limited to his claim(s) under ERISA. The parties shall 

bear their own costs. bear their own costs. 

8