USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT _________________________ No. 95-2244 WILLIAM DEGNAN, JR., Plaintiff, Appellant, v. PUBLICKER INDUSTRIES, INC., ET. AL., Defendants, Appellees. __________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Mark L. Wolf, U.S. District Judge] ___________________ _________________________ Before Selya and Cyr, Circuit Judges, ______________ and Gertner,* District Judge. ______________ _________________________ Sydelle Pittas for appellant. ______________ Thomas E. Shirley, with whom Liam T. O'Connell and Choate, _________________ __________________ _______ Hall & Stewart were on brief, for appellees. ______________ _________________________ May 1, 1996 _________________________ ________________ *Of the District of Massachusetts, sitting by designation.  SELYA, Circuit Judge. William Degnan, Jr., the former SELYA, Circuit Judge. _____________ president of Fenwal Electronics, Inc., a wholly owned subsidiary of Publicker Industries, Inc., initiated this misrepresentation action in a Massachusetts state court against Fenwal and Publicker on November 14, 1994. He framed his complaint exclusively in terms of state law, alleging in substance that the defendants induced him to take early retirement at age fifty-five by promising to revise a corporate retirement plan so as to make him eligible for full retirement benefits at that age; and that, after he retired (giving up lucrative employment opportunities elsewhere), the defendants paid him the agreed amount for only eighteen months before they breached their promise (claiming that he did not qualify for full benefits under the amended plan). The defendants removed the case to the federal district court and sought dismissal on preemption grounds. On September 8, 1995, the district court found that the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. 1001 et seq., and in particular, ERISA's broad-gauged __ ____ preemption clause, 29 U.S.C. 1144(a) (1994), preempted Degnan's common law misrepresentation claims against the defendants. Upon reviewing the matter de novo, see Correa-Martinez v. Arrillaga- __ ____ ___ _______________ __________ Belendez, 903 F.2d 49, 52 (1st Cir. 1990), we agree that the ________ common law claims were preempted and that the complaint as framed courted dismissal. See Fed. R. Civ. P. 12(b)(6) (authorizing ___ dismissal for the pleader's failure to state an actionable claim). 2 We need not dwell upon the rationale for finding preemption. Suffice it to say that, in its order of dismissal, the district court characterized the instant case as "analogous" in all material respects to a case previously decided by this court, namely, Carlo v. Reed Rolled Thread Die Co., 49 F.3d 790, _____ ___________________________ 793-95 (1st Cir. 1995) (ruling that ERISA preempted a state-law misrepresentation claim). We readily agree that Carlo controls _____ here, and add only that in his appellate briefs Degnan has failed to advance any plausible basis for distinguishing this case from Carlo. _____ Under ordinary circumstances, this would be the end of the matter. Where, as here, the plaintiff chooses not to ask the trial court for permission to amend but stands upon his complaint in the face of an order dismissing it, and thereafter loses the ensuing appeal, he is not entitled to a second bite of the banana. See, e.g., Royal Business Group, Inc. v. Realist, Inc., ___ ____ __________________________ _____________ 933 F.2d 1056, 1066 (1st Cir. 1991) (explaining that when a party elects to appeal rather than attempt to amend a complaint, it ill behooves that party to suggest at a later date that it could have satisfied the district court's concerns by amending the complaint); James v. Watt, 716 F.2d 71, 78 (1st Cir. 1983) _____ ____ (admonishing that courts should not routinely allow plaintiffs to "pursue a case to judgment and then, if they lose, to reopen the case by amending their complaint to take account of the court's decision"), cert. denied, 467 U.S. 1209 (1984). _____ ______ The rule, however, is not inflexible. We have 3 recognized that, even if the pleader has elected to dig in his heels, appealing from a judgment of dismissal rather than endeavoring to reframe his complaint, "an appellate court has the power, in the interest of justice, to grant leave to amend if the circumstances warrant." Rivera-Gomez v. de Castro, 843 F.2d 631, ____________ _________ 636 (1st Cir. 1988). This approach finds ample support in other appellate authority, see, e.g., Bryan v. Austin, 354 U.S. 933, ___ ____ _____ ______ 933 (1957) (per curiam); Whitelock v. Leatherman, 460 F.2d 507, _________ __________ 515 (10th Cir. 1972); Moviecolor Ltd. v. Eastman Kodak Co., 288 _______________ __________________ F.2d 80, 88 (2d Cir.), cert. denied, 368 U.S. 821 (1961), among _____ ______ the commentators, see, e.g., 3 J. Moore, Moore's Federal Practice ___ ____ ________________________ 15.11 at 15-109 (1983), in the Code, see, e.g., 28 U.S.C.  ___ ____ 2106 (1994) ("[A] court of appellate jurisdiction may . . . direct the entry of such appropriate judgment . . . as may be just under the circumstances."), and in the spirit that pervades the Civil Rules, see, e.g., Fed. R. Civ. P. 15(a) (counseling ___ ____ that leave to amend "shall be freely given when justice so requires"). This is a suitable instance in which to invoke the exception to the general rule. The appeal is in a highly idiosyncratic posture. On March 19, 1996, after the parties had briefed this appeal but two weeks before oral argument, the Supreme Court issued its opinion in Varity Corp. v. Howe, 116 S. ____________ ____ Ct. 1065 (1996). Varity shed new light on the Court's earlier ______ holding in Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. ________________________________ _______ 134 (1985), and indicated that, in certain circumstances, an 4 individual plan participant or beneficiary may be able to obtain equitable relief under the ERISA statute itself for harm caused _______________________________ by an employer's breach of its fiduciary obligations. See ___ Varity, 116 S. Ct. at 1075-79; see also 29 U.S.C. 1132(a) ______ ___ ____ (1994) (enumerating equitable remedies under ERISA). Because we deemed Varity to have possible applicability here, we immediately ______ called the opinion to the parties' attention and directed them to be prepared to discuss it. We heard oral argument on April 2, 1996. We then ordered the parties to file supplemental briefs addressing the potential applicability (if any) of Varity to ______ Degnan's situation.1 We have examined the record in this case in light of Varity and of the parties' supplemental briefs. We see both ______ procedural and substantive problems. The procedural problem stems from the fact that Degnan framed his suit as a common law cause of action for misrepresentation rather than as a statutory ERISA-based claim for breach of a fiduciary duty. The district court treated the claim as asserted and, under our Carlo _____ precedent, correctly found the pleaded cause of action to be preempted. The plaintiff neither asked the court to consider the possibility of a statutorily based claim nor sought leave to file an amended complaint. As we have said, these failings would be fatal in the typical case. See, e.g., Royal Business Group, 933 ___ ____ ____________________ F.2d at 1066.  ____________________ 1Simultaneous with the filing of his supplemental brief, the appellant also moved to enlarge the record on appeal. In view of our disposition today, the motion is moot. 5 This case, however, is atypical. When Degnan eschewed amendment in the district court, Varity had not yet been decided ______ and the state of the law was in flux. We think it is appropriate for an appellate court to consider granting the type of extraordinary relief that the plaintiff requests here  permitting an amendment even after affirmance of an order of dismissal when an important new decision intervenes. See ___ Dartmouth Review v. Dartmouth College, 889 F.2d 13, 23 (1st Cir. _________________ _________________ 1989) (suggesting that such an amendment should be allowed if "some new concept has surfaced, making workable an action previously in the doldrums"); Pross v. Katz, 784 F.2d 455, 460 _____ ____ (2d Cir. 1986) (similar). That scenario, broadly speaking, appears to exist here. We find added impetus for applying the exception because of the nature of the case. ERISA is a remedial statute designed to fashion anodynes that protect the interests of plan participants and beneficiaries. See 29 U.S.C. 1001(b) ___ (articulating policy "to protect . . . the interests of participants in employee benefit plans and their beneficiaries . . . by providing for appropriate remedies, sanctions, and ready access to the Federal courts"); see also Varity, 116 S. Ct. at ___ ____ ______ 1078; Johnson v. Watts Regulator Co., 63 F.3d 1129, 1132 (1st _______ ____________________ Cir. 1995). Courts should not hasten to employ technical rules of pleading and practice to defeat that goal. In this respect, Fitzgerald v. Codex Corp., 882 F.2d 586 (1st Cir. 1989), is __________ ___________ instructive. There the state law remedies that the plaintiff 6 sought were held to have been entirely displaced by ERISA. See ___ id. at 588. Although the plaintiff had not attempted to state a ___ federal claim in the district court, we nonetheless proceeded to inquire whether his complaint could be read to contain a federal claim upon which relief might be granted. See id. at 589. ___ ___ Answering that question in the affirmative, we reversed the order of dismissal. See id. ___ ___ The short of it is that in Fitzgerald, as in Rivera- __________ _______ Gomez, we departed from our usual praxis to avoid injustice. We _____ believe that, given the purport and timing of the Court's opinion in Varity, the same result should obtain here. The procedural ______ barrier to permitting an amendment is, therefore, superable. The substantive problem is whether or not the plaintiff can state a claim under Varity.2 At this juncture, we simply ______ cannot tell. Because the plaintiff has not yet tried to plead a Varity claim, we do not know how well the shoe fits, or if it ______ fits at all. Rather than guessing at what facts the plaintiff conceivably could allege in an amended complaint, we think that the course of prudence is to give the plaintiff an opportunity to supplement his factual allegations with whatever additional averments he believes would buttress Varity-type claims, and, ______ once an amended complaint is filed, to permit the district court to address the substantive problem, i.e., the sufficiency of the  ____________________ 2We note that the substantive and procedural problems interlock because leave to file an amended complaint should not be granted if it is clear that the amendment would be in vain. See Foman v. Davis, 371 U.S. 178, 182 (1962); Correa-Martinez, ___ _____ _____ _______________ 903 F.2d at 59. 7 amended complaint, in the first instance. We need go no further. We remand with directions to grant the plaintiff permission to file an amended complaint limited to whatever Varity-type claims he may envision under ______ ERISA. From that point forward, the district court can proceed in the ordinary course. For our part, we take no view of whether the plaintiff's case fits the Varity mold from the perspective of ______ either pleadings or proof. We affirm the dismissal of the complaint insofar as it We affirm the dismissal of the complaint insofar as it _______________________________________________________ purports to state claims based on the common law or on state law, purports to state claims based on the common law or on state law, _________________________________________________________________ and we remand the case to the district court with an express and we remand the case to the district court with an express _________________________________________________________________ direction that it permit the plaintiff to file an amended direction that it permit the plaintiff to file an amended _________________________________________________________________ complaint limited to his claim(s) under ERISA. The parties shall complaint limited to his claim(s) under ERISA. The parties shall _____________________________________________ _________________ bear their own costs. bear their own costs. ____________________ 8