**Neil OUELLETTE, Plaintiff,**

v.

**TRUSTEES OF PLUMBERS AND PIPEFITTERS OF LOCAL 4 PENSION FUND, Defendant.**

**No. Civ.A. 00–40190–NMG.**

United States District Court, D. Massachusetts.

July 17, 2001.

plier to the normal licensing fee in cases where an unauthorized use is detected.

Mark H. Middlen, Rubin and Rubin, Worchester, MA, for plaintiff.

Robert M. Cheverie, Robert M. Cheverie & Associates, P.C., Commerce Center One, East Hartford, CT, for defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

On October 6, 2000, the plaintiff, Neil Ouellette ("Ouellette") filed a complaint in the Worcester Superior Court against the Trustees of Plumbers and Pipefitters Local 4 Pension Fund ("the Fund") seeking a declaratory judgment for a determination of rights and obligations of the parties regarding the payment of benefits by the Fund to Ouellette. The Fund subsequently removed to this Court.

On November 21, 2000, the Fund filed a Motion to Dismiss (Docket No. 4) pursuant to Fed.R.Civ.P. 12 on the grounds that all of the claims asserted in the complaint are preempted by the Employee Retirement Income Security Action of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). Ouellette filed his opposition on December 1, 2000.

## I. Summary

The parties do not dispute that Ouellette is a member of the Plumbers and Pipefitters Local 4 Pension Plan. His participation in that plan arises out of his employment with plumbing and pipefitter contractors, signatories to a collective bargaining agreement with the Fund. In his complaint for a declaratory judgment, Ouellette essentially seeks to recover pension benefits at the "total disability" rate instead of the "occupational rate".

## II. Discussion

### A. Applicable Law

#### 1. Motion to Dismiss

A complaint should not be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Roeder v. Alpha Indus., Inc.*, 814 F.2d 22, 25 (1st Cir.1987), *quoting Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). To prevail against a motion to dismiss, a plaintiff must demonstrate that he has "set forth in [the] complaint factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable theory." *Roth v. United States*, 952 F.2d 611, 613 (1st Cir. 1991) (internal quotation marks and citations omitted). In considering such a motion, the court must take facts alleged in the complaint as true, and "draw all inferences reasonably extractable from the pleaded facts in the manner most congenial to the plaintiff's theory." *Roth*, 952 F.2d at 613.

#### 2. Preemption under ERISA

■ In order to ensure uniform regulation of benefit plans, the provisions of the Employee Retirement Income Security

Act of 1974 ("ERISA") preempt "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a); *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 651, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995). The Supreme Court has established that "a law 'relates to' an employee benefit plan ... if it has a connection with or reference to such a plan." *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 139, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). Preemption is broadly applied and state laws which affect the interpretation or implementation of a plan are preempted even if not inconsistent with ERISA's substantive provisions, *see Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985), or specifically designed to target employee benefit plans. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47–48, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

■ To determine whether ERISA preemption bars a particular claim in a particular case, the Court must first determine whether the plan at issue is part of an "employee benefit plan" as defined by ERISA at 29 U.S.C. § 1002(3). Once that determination is made, the Court then ascertains whether the state law claim or claims asserted "relate to" or have "some connection with" that ERISA plan. *Pilot Life Ins. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). If the claim or claims are found to so relate, the plaintiff's remedies are limited to the civil enforcement provisions set forth at 29 U.S.C. § 1132(a). *See* 29 U.S.C. § 1144.

■ Under the civil enforcement provisions of ERISA, a plan participant or beneficiary may sue to recover benefits due under the plan, to enforce the participant's rights under the plan, or to clarify rights to future benefits. 29 U.S.C. § 1132(a).

Relief may take the form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an injunction against a plan administrator's improper refusal to pay benefits. *Pilot Life Ins.,* 481 U.S. at 53, 107 S.Ct. 1549.

## B. Analysis

■ The parties appear to agree that the Fund administers an "employee benefit plan" as defined under ERISA. The main dispute arises from the parties' construction of the complaint.

The Fund maintains that the complaint contains a single claim for relief which essentially alleges that [it] breached the terms of an ERISA plan when it denied [Ouellette's] claim for total disability pension benefits ... [and that] therefore [Ouellette's] only remedy is to file a civil enforcement claim under ERISA.

According to the Fund, because the complaint contains no claim under or citation to ERISA, it must be dismissed in its entirety.

In his opposition, Ouellette maintains that "this Court may reasonably infer from the pleadings that the plaintiff has pled a civil enforcement action within the requirements of ERISA". In support of that assertion, Ouellette points to the Fund's Notice of Removal, wherein the Fund characterized Ouellette's claim as a federal question governed by ERISA.

■ Under Fed.R.Civ.P. 8, it is unnecessary to plead a legal theory in a complaint if the plaintiff sets forth "sufficient factual allegations to state a claim showing that he is entitled to relief" under some viable legal theory. *Fitzgerald v. Codex Corp.,* 882 F.2d 586, 589 (1st Cir.1989). In *Fitzgerald,* the plaintiff filed state and common law claims in Massachusetts state court against his employer alleging that his employer discharged him in retaliation

for and to avoid his wife's collection of health benefits under the employer's health plan. The First Circuit Court of Appeals affirmed the propriety of the employer's removal to federal court on the grounds that, in an exception to the well-pleaded complaint rule, there are circumstances where "Congress may so completely preempt a particular area" that any complaint arising in that area is "necessarily federal in character". *Fitzgerald,* 882 F.2d at 587.

The First Circuit then turned to the district court's allowance of the employer's motion to dismiss on the grounds that ERISA preempted the plaintiff's claims. After affirming the holding of the district court that the plaintiff's claims were in fact preempted by ERISA, *id.* at 588, the Court went on to hold that "the fact that the field has been preempted does not necessarily indicate that under Fed. R.Civ.P. 12(b)(6) a complaint fails to state a claim upon which relief can be granted." *Id.* at 589. The First Circuit reviewed the facts and statements pleaded in the complaint and found that, if ultimately proven, the plaintiff would be entitled to relief under ERISA and then reversed the judgment dismissing the complaint and remanded the case to the district court. *Id.* at 589–90.

Although *Fitzgerald* indicates that preemption does not necessarily compel dismissal under Fed.R.Civ.P. 12(b)(6), this Court is not in the business of drafting claims for plaintiffs. *See Williams v. HealthAlliance Hospitals, Inc.,* 135 F.Supp.2d 106, 111 (D.Mass.2001). The only citation to a statute made in the complaint is to M.G.L. c.231A, § 1 in Paragraph 3. That statute outlines the power of Massachusetts courts to issue declaratory judgments. No mention is made of ERISA.

**ORDER**

The Motion to Dismiss (Docket No. 4) filed by defendant Trustees of Plumbers and Pipefitters Local 4 Pension Fund is ALLOWED without prejudice to plaintiff Neil Ouellette filing an amended complaint setting forth any causes of action allegedly available to him under ERISA. If plaintiff fails to file such an amended complaint within thirty (30) days of the date of this Order, the case will be dismissed.

**So ordered.**