STANDARD OIL COMPANY OF CALIFORNIA, Plaintiff–Appellee,

v.

Joshua C. AGSALUD et al., Defendants–Appellants.

No. 78–1095.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 1980.

Decided Oct. 15, 1980.

Rehearing Denied Dec. 16, 1980.

Carol K. Yamamoto, Deputy Atty. Gen., Honolulu, Hawaii, on brief; Mario R. Ramil, Deputy Atty. Gen., Honolulu, Hawaii, for defendants–appellants.

Michael H. Salinsky, San Francisco, Cal., for plaintiff–appellee.

Before ANDERSON, SCHROEDER and FARRIS, Circuit Judges.

SCHROEDER, Circuit Judge:

The questions in this appeal concern whether Hawaii's comprehensive Prepaid Health Care Act, Haw.Rev.Stat. ch. 393, is preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1381 (ERISA). Appellants are officials of the State of Hawaii charged with the responsibility of enforcement of the Hawaii Act under state law. They challenge on statutory and constitutional grounds the district court's decision that ERISA preempts the Hawaii Act. The district court's exhaustive opinion by Judge Renfrew is reported at 442 F.Supp. 695 (N.D. Cal.1977). We are in basic agreement with that decision and affirm.

ERISA regulates the administration of private employee benefits and pension plans and establishes standards relating to the administration of these plans, particularly with respect to disclosure, reporting, vesting of benefits, funding and the conduct of plan managers. The Hawaii Prepaid Health Care Act requires employers in that state to provide their employees with a comprehensive prepaid health care plan. The Act was initially adopted in 1974, shortly after ERISA was enacted, and apparently no other state has adopted similar legislation.

The appellee, Standard Oil Company of California, a substantial employer in Hawaii, provides its employees with a self–funded health care plan, governed by ERISA, which does not comply in all respects with the Hawaii Act. When appellants attempted to enforce the Hawaii Act against it, Standard Oil filed this action seeking declaratory and injunctive relief.

Section 3 of ERISA, 29 U.S.C. § 1002, defines "employee welfare benefit plan" broadly as any plan or program maintained by an employer or employee organization to provide medical, surgical or hospital care or benefits. ERISA § 514(a), 29 U.S.C. § 1144(a), provides that ERISA supersedes or preempts all state laws which "relate to any employee benefit plan."[1] The district court held that ERISA preempts the Hawaii law, that the Hawaii law does not fit into any exemptions from ERISA coverage, and that preemption is constitutional.

The appellants (Hawaii) argue that the benefit plans which the Hawaii Act is designed to require are not employee benefit plans within the meaning of § 3 of ERISA. This Court has already held that ERISA preempts state regulation of medical, surgical and hospital benefits and has rejected the contention that regulation of such benefits is a "law . . . which regulates insurance" within the meaning of § 514(b)(2)(A) of ERISA, 29 U.S.C. § 1144(b)(2)(A). *Hewlett–Packard Co. v. Barnes*, 571 F.2d 502 (9th Cir.), *cert. denied*, 439 U.S. 831, 99 S.Ct. 108, 58 L.Ed.2d 125 (1978), *aff'g*, 425 F.Supp. 1294, 1300 (N.D. Cal.1977). *See also St. Paul Electrical Workers Welfare Fund v. Markman*, 490 F.Supp. 931 (D.Minn.1980) (Minnesota's Comprehensive Health Insurance Act preempted by ERISA). Hawaii nevertheless

---

1. ERISA § 3, 29 U.S.C. § 1002, defines "employee benefit plan" in pertinent part as an "employee welfare benefit plan."

argues that because its statute requires employers to provide benefits, the benefit plans are outside the scope of ERISA's coverage.

■ At the time ERISA was enacted, all private plans were voluntary as opposed to mandated by state law and ERISA itself does not require employers to provide plans. We cannot agree, however, with Hawaii's contention that Congress intended to exempt plans mandated by state statute from ERISA's coverage. Congress did distinguish between plans established or maintained by private employers for private employees and plans established or maintained by government entities for government employees. Such government plans are exempt. ERISA §§ 3(1), 3(32), 4(b)(1), 29 U.S.C. §§ 1002(1), 1002(32), 1003(b)(1). *See Feinstein v. Lewis*, 477 F.Supp. 1256 (S.D.N.Y.1979). Private plans are not. The plans which Hawaii would require of private employers are not government plans. There is no express exemption from ERISA coverage for plans which state law requires private employers to provide their employees. The legislative history convincingly demonstrates a broad congressional preemptive intent. See the discussion in the district court opinion in *Hewlett–Packard, supra*, at 1298–1300. *See also Wadsworth v. Whaland*, 562 F.2d 70 (1st Cir. 1977), *cert. denied*, 435 U.S. 980, 981, 98 S.Ct. 1630, 56 L.Ed.2d 72 (1978); *Delta Air Lines, Inc. v. Kramarsky*, 485 F.Supp. 300 (S.D.N.Y.1980). The plans envisioned under the Hawaii statute are therefore not rendered outside the definition of employee welfare benefit plans simply because Hawaii has attempted to make them mandatory.

Hawaii next argues that, even if plans which its Act would require are within the ERISA definition of employee benefit plans, they are nevertheless exempted under ERISA § 4(b)(3), 29 U.S.C. § 1003(b)(3), which provides that ERISA shall not apply to any plans "maintained solely for the purpose of complying with applicable workmen's compensation laws or unemployment compensation or disability insurance laws." Specifically, appellants argue that the Hawaii Act is a "disability insurance law" within the meaning of this section.

■ Judge Renfrew's opinion below discusses this question at length, and we agree with his conclusion that the Hawaii Act is not a disability insurance law. Disability insurance compensates people who, because of disability, are unable to perform their normal employment duties. *See Standard Oil Co. v. Agsalud*, 442 F.Supp. 695, 698 (N.D.Cal.1977). Hawaii's law, on the other hand, is concerned with benefits regardless of any relationship to a disabling condition. Hawaii points out that examples of disability insurance laws were specifically referenced in the legislative history of the Welfare and Pension Plans Disclosure Act of 1958, the predecessor to ERISA. These examples included laws which provided not merely replacement of wages lost by virtue of a disability, but which also provided medical benefits for treatment of the disability. S.Rep.No.1734, 84th Cong., 2d Sess. 16 (1956) (citing the Federal Railroad Unemployment Insurance Act, 45 U.S.C. §§ 351–67, general maritime law, and the disability insurance laws of New Jersey, Rhode Island, New York and California). It does not follow, however, that all insurance or benefit plans covering medical expenses, regardless of their relationship to a disability, are "disability insurance" within the meaning of ERISA.

■ Appellants next contend that even if the Hawaii Act is not a "disability insurance law" within the meaning of ERISA § 4(b)(3), 29 U.S.C. § 1003(b)(3), that section was intended to exempt from ERISA coverage all governmentally required insurance programs, and not merely those specifically enumerated. There is no support for that position in the language of the statute which references only unemployment, workmen's compensation and disability insurance laws. It is true that those were the only types of compulsory state insurance legislation in effect at the time of the passage of

ERISA. Thus the broad preemption of all other compulsory plans prevents state experimentation with other types of programs. The question, however, is one of policy for Congress and not of statutory interpretation for this Court.[2]

We must similarly reject Hawaii's claim that by referencing only certain types of social insurance the statute is arbitrary and violates the due process clause of the fifth amendment. Congress doubtless could have chosen to exempt all state social insurance and health insurance laws in order to encourage experimentation. Instead it chose to exempt only those types of programs with which the states had had some experience and with which employers were accustomed to dealing. We cannot say that its choice in this regard, however, was without rational basis, and that is the standard which we must employ. *Richardson v. Belcher*, 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 2131 (1971); *Bolling v. Sharpe*, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1953).

Hawaii also urges that there is an inconsistency, which it argues reaches constitutional dimension, in holding that the Hawaii Act is preempted by ERISA when another scheme, the Rhode Island Catastrophic Health Insurance Plan, R.I.Gen. Laws §§ 42–62–1 to 42–62–22, is not preempted. The appellee does not concede that the Rhode Island law is exempt, and in any event, accurately points out that the Rhode Island statute differs from the Hawaii statute in that the Rhode Island statute is not based on the employer–employee relationship common to ERISA and the Hawaii Act. The Rhode Island statute envisions a state administered fund rather than funds established or maintained by employers. The Hawaii Plan and the Rhode Island Plan are distinguishable insofar as they may be affected by ERISA.

Hawaii's argument concerning the tenth amendment, and its position that states and not Congress are empowered to regulate private health insurance plans, are adequately dealt with by this Court's decision in *Hewlett–Packard, supra*, which rejected similar arguments. As a corollary to the tenth amendment argument in this case, however, Hawaii suggests that its Act is an exercise of the state's taxing power because it requires employers to pay half the health insurance premiums of their employees. We agree with the district court's opinion below that the taxing power is the power to require money to be "paid to the State as a State," and that power is not invoked here. *Illinois Central R. Co. v. Decatur*, 147 U.S. 190, 13 S.Ct. 293, 37 L.Ed. 132 (1893). *See also National Carriers' Conf. Comm. v. Heffernan*, 454 F.Supp. 914 (D.Conn.1978).

Finally, Hawaii argues that the preemption language of § 514(a) of ERISA, 29 U.S.C. § 1144(a), is not broad enough to encompass the Hawaii Act. That section of ERISA provides generally that the Act shall supersede "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" not otherwise exempted in the Act. Appellants in the district court argued that since ERISA was concerned primarily with the administration of benefit plans, its provisions were not intended to prevent the operation of laws like the Hawaii Act pertaining principally to benefits rather than administration. There is, however, nothing in the statute to support such a distinction between the state laws relating to benefits as opposed to administration. As the district court pointed out, the language of the statute provides that ERISA shall supersede "any and all State laws" and that does not mean "some but not all the State laws." 442 F.Supp. at 707.

**2.** Senators Javits and Williams have introduced a bill amending ERISA which would, among other things, specifically provide that the Hawaii Act is not preempted. S. 209, § 155, 96th Cong., 1st Sess. (1979), *reprinted in* 125 Cong. Rec. S. 564–65 (daily ed. Jan. 24, 1979). *See also* 125 Cong.Rec. S 575 (1979) (remarks of Sen. Javits, explaining the preemption section of the bill).

Hawaii now seeks support from Judge Renfrew's later decision in *Stone v. Stone*, 450 F.Supp. 919 (N.D.Cal.1978), *aff'd*, 632 F.2d 740 (9th Cir. 1980), holding that application of California's community property laws to division of a pension was not preempted by ERISA. Accord: *United Ass'n of Journeymen v. Myers*, 488 F.Supp. 704 (M.D.La.1980); *Carpenters Pension Trust v. Kronschnabel*, 460 F.Supp. 978 (C.D.Cal. 1978), *aff'd*, 632 F.2d 745 (9th Cir. 1980).[3] Judge Renfrew's opinion in *Stone* distinguished that case from this one, noting first that this Court in *Hewlett–Packard, supra*, took a broad view of the preemption of federal law over state law in the health insurance field, and noting further that domestic relations laws only tangentially affect employee benefit plans.

The Hawaii Act before us differs from community property laws. The Act directly and expressly regulates employers and the type of benefits they provide employees. It must "relate to" employee benefit plans within the meaning of ERISA's broad preemption provision, ERISA § 514(a), 29 U.S.C. § 1144(a).

Affirmed.

---

**3.** The contrary view, i. e., that ERISA does preempt state community property law, had been taken by another district court in the Circuit in *Francis v. United Technologies Corp.*, 458 F.Supp. 84 (N.D.Cal.1978). *See also* Note, ERISA Preemption of Community Property Law, 55 Wash.L.Rev. 443 (1980); Note, Preemption of California Community Property Law by ERISA: Congressional Intent and Judicial Interpretation, 10 Pac.L.J. 881 (1979); Reppy, Community and Separate Interests in Pensions and Social Security Benefits After *Marriage of Brown* and ERISA, 25 U.C.L.A.L.Rev. 417 (1978); Comment, The Employee Retirement Income Security Act of 1974–The Spouse's Interest or Non–Interest in a Community Property Asset, 12 Cal.West.L.Rev. 560 (1976). A similar split in authority has developed with respect to application of state garnishment laws to benefit plans. *See generally General Motors Corp. v. Buha*, 623 F.2d 455 (6th Cir. 1980) (listing cases).