Gloria Gonzalez GARCIA and
Others, Plaintiffs,

v.

WILLIAMSON DICKIE MANUFAC-
TURING CO. et al., Defendants.

Civil No. 94–2631.

United States District Court,
D. Puerto Rico.

April 19, 1996.

Donald M. Hall, McConnell Valdes, San Juan, PR, for Williamson Dickie Manufacturing Co., defendant.

Rafael J. Vazquez–Gonzalez, Donald M. Hall, McConnell Valdes, San Juan, PR, for Ropa Sultana, Inc., defendant.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

The above captioned case was removed to this Court from the Superior Court of Puerto Rico, Mayaguez Part. Plaintiffs are former employees of the Williamson Dickie Manufacturing Co., one of the defendants in this case. Plaintiffs allege that in closing various of its clothing manufacturing operations in Puerto Rico the Williamson Dickie Manufacturing Co. violated the Puerto Rico Severance Law Statute, Law 80 of May 30, 1976, P.R. Laws Ann. tit. 29, § 185 *et seq.* (1985), by not making the severance payments required to be made to each employee terminated without just cause. Plaintiffs further allege that in retaining only younger employees until the operations were totally closed, plaintiffs were discriminated against because of their age in violation of Law 100 of June 30, 1959, P.R.Laws Ann. tit. 29, § 146 *et seq.* (1985) Defendants removed the instant complaint pursuant to 28 U.S.C. 1441(b), alleging that the underlying cause of action was covered under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. 1001 *et seq.* (1985).

Pending before this Court are Plaintiffs' Motion to Remand (Docket No. 9), Defendants' Motion in Opposition to Remand (Docket No. 11), Defendants' Partial Motion to Dismiss (Docket No. 13), and Plaintiffs' Opposition to the Motion to Dismiss (Docket No. 14). All motions are related since Defendants allege that the severance cause of action under Law 80 of 1976 is preempted by ERISA and therefore removable under 28

U.S.C. 1441(b). Defendants further allege that since the cause of action under the local severance law is preempted, the severance cause of action should be dismissed.

■ The pleaded causes of action in the instant case are all based on local laws; namely, the severance and employment discrimination statutes. Normally, removal is based on the face of a "well-pleaded complaint." *Gully v. First National*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Fitzgerald v. Codex Corp.*, 882 F.2d 586, 587 (1st Cir.1989). Defendants correctly argue that, just as artfully pleaded causes of action based on state statutes may not disguise a cause of action based on a collective bargaining agreement under Section 301 of the Taft–Hartley Act, 29 U.S.C. 185 *et seq.* (1978). *Avco Corp. v. Aero Lodge 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); similarly, a state cause of action may not camouflage an ERISA claim. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 44, 107 S.Ct. 1549, 1551, 95 L.Ed.2d 39 (1987); see also *Fitzgerald v. Codex Corp.*, 882 F.2d 586 (1989). In *Pilot Life Insurance Co.*, the Supreme Court applied to ERISA the same standard for preemption of state-created causes of action as it had earlier developed for Section 301 of the Taft–Hartley Act; the Court specifically wrote that "the preemptive force 'is so powerful as to displace entirely any state cause of action . . ." 481 U.S. at 44, 107 S.Ct. at 1551 (quoting *Franchise Tax Bd. v. Construction Laborers Vac. Trust*, 463 U.S. 1, 23, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983) ). Therefore, in order to rule on Plaintiffs' Motion to Remand and Defendants' Motion to Dismiss, the Court must determine whether the underlying state cause of action is a matter "within the scope of the civil enforcement provisions of ERISA." *Fitzgerald*, 882 F.2d at 588.

■ In determining if the Puerto Rico Severance Law is preempted by ERISA, "as in any preemption analysis 'the purpose of Congress is the ultimate touchstone.' " *Metropolitan Life Insurance Co. v. Mass.*, 471 U.S. 724, 747, 105 S.Ct. 2380, 2393, 85 L.Ed.2d 728 (1985) (quoting *Malone v. White*

*Motor Corp.*, 435 U.S. 497, 504, 98 S.Ct. 1185, 1189, 55 L.Ed.2d 443 (1978)). Specifically, the Court must decide if Law 80 of 1976, P.R.Laws Ann. tit. 29, § 185 *et seq.* (1985), is an "employee" benefit plan under ERISA. The Supreme Court in *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 10, 107 S.Ct. 2211, 2216, 96 L.Ed.2d 1 (1987) set forth the type of benefit plan that is covered under ERISA:

> "An employer that makes a commitment systematically to pay certain benefits undertakes a host of obligations, such as determining the eligibility of claimants, calculating benefit levels, making disbursements, monitoring the availability of funds for benefit payments, and keeping appropriate records in order to comply with applicable reporting requirements. The most efficient way to meet these responsibilities is to establish a uniform administrative scheme, which provides a set of standard procedures to guide a processing and disbursement of benefits."

State-imposed administrative schemes offsetting worker compensation payments against pension benefits have been preempted because such a practice is authorized under ERISA. *Alessi v. Raybestos Manhattan Inc.*, 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981). Similarly, in *Shaw v. Delta Air Lines*, 463 U.S. 85, 106, 103 S.Ct. 2890, 2904, 77 L.Ed.2d 490 (1983), the Court stated that complex administrative benefit plans were preempted so that employers would not have to "administer their plans differently in each state in which they have employees."

On the other hand, "one time lump sum payment[s] triggered by a single event requir[ing] no administrative scheme" are not preempted because no "administrative scheme" is required; in particular, with regard to such payments "the employer assumes no responsibilities to pay benefits on a regular basis and thus faces no periodic demands on its assets that create a need for financial coordination and control." *Fort Halifax Packing Co., Inc.*, supra, 482 U.S. at 13, 107 S.Ct. at 2218.

■ The Court must therefore examine the Puerto Rican Severance Law to deter-

mine if there is an administrative scheme required from the employer that may conflict with federal law. The Puerto Rico Severance Law obligates the employer to make a one-time payment based on years of service for employees terminated without "just cause." P.R.Laws Ann. tit. 29, § 185(b)(e)(g). Just cause is defined by statute, P.R.Laws Ann. tit. 29, § 185(b). No payment is required should the employee be dismissed with "just cause." P.R.Laws Ann. tit. 29 § 185(a). The employer is also required to retain older employees in cases of "full, temporary or partial closings," "reorganizations," and "reduction in employment . . . necessary by a reduction in the volume of production, sales, profits, anticipated or prevalent, "P.R.Laws Ann. tit. 29, § 185(b)(d)(e)(f), except that employee ability and/or capacity may override seniority in cases of "clear and conclusive deficiency in favor of the efficiency or capacity of the workers compared." P.R.Laws Ann. tit. 29, § 185(d).

The Puerto Rico Severance Law requires no administrative scheme as found in *Standard Oil Co. of California v. Agsalud*, 633 F.2d 760 (9th Cir.1980), *summarily aff'd.* 454 U.S. 801, 102 S.Ct. 79, 70 L.Ed.2d 75 (1981), where the employers had already in place a health plan governed by ERISA which did not comply with the required Hawaii State Plan. Administrative integration of the Hawaii plan and the employer plan led to conflict. The Hawaii statute was thus preempted.

Similarly, in *Simas v. Quaker Fabric Corp. of Fall River*, 6 F.3d 849 (1st Cir.1993), the Court held that a Massachusetts "tin parachute" statute requiring substantial severance payments before or after a corporate takeover, Mass Gen.L. Ch. 149, § 183, was preempted by ERISA. The Court emphasized that because of the "mechanical, one time nature of severance payments," state severance statutes are generally not preempted but "when the state statute or employer promise involved ongoing obligations materially beyond those present at *Halifax,*" the statute is preempted by ERISA. *Id.* at 853–854. The First Circuit recognized at *Simas* that "it is somewhat hard to generalize about the case because of the variety of variables in the different severance schemes." *Id.* at 854.

In *Simas* the employer required an administrative scheme to determine "as to each employee discharged within two years after discharge, whether the employee was discharged within several time frames fixed by the tin parachute statute and whether the employee was discharge for cause or *is otherwise ineligible for unemployment compensation under Massachusetts Law.*" *Id.* at 853 (emphasis ours). The period of waiting for the state unemployment division and the two-year prolonged obligation causes that employers "would have to maintain records, apply the 'for cause' criteria, and make payments or dispute the obligation." *Id.* at 854. The First Circuit concluded that because of the "extent and complexity of administrative obligations," the statute was preempted by ERISA. *Id.*

We find that Puerto Rico Law 80 more closely resembles the "one time lump sum payment" type of statute interpreted by the Supreme Court in *Fort Halifax*, 482 U.S. 1, 107 S.Ct. 2211, rather than the Hawaiian statute interpreted by the 9th Circuit in *Standard Oil Co. of California*, 633 F.2d 760, nor the Massachusetts statute interpreted by the First Circuit in *Simas*, 6 F.3d 849. The First Circuit has guided trial courts to recognize that in this field "it is a matter of degrees but under *Fort Halifax* degrees are crucial." *Simas*, 6 F.3d at 853.

The Court now addresses the Puerto Rican Statute and the allegations of the complaint. Plaintiffs allege that Defendants operate various interrelated clothing manufacturing operations in Mayaguez and Rio Grande, PR. The operations are controlled and administered by a parent corporation that establishes all the labor policies for its subsidiaries. Plaintiffs, one hundred and seventeen in number, were laid off in 1993 (almost all in August, September, and October of 1993, although three of the plaintiffs were laid off in June, July and March of 1993). Plaintiffs allege that they were capriciously, arbitrarily, and unjustly terminated for non-valid business reasons, all to transfer part or the totality of its business to another country.

4

Should Defendants be found to have terminated Plaintiffs for just cause, no severance payments would be required. P.R.Laws Ann. tit. 29, § 185(b). On the other hand, should Defendants be found *not* to have had just cause for termination, a mathematical one time calculation per employee is made based on years of service from the date of hiring to the date of termination. The severance is one month of indemnity plus one week of indemnity for every year of service. P.R.Laws Ann. tit. 29, § 185(a). Employees laid off due to closings, reorganizations, and reductions in employment enjoy a preference for reemployment during a six month period thereafter. P.R.Laws Ann. tit. 29, § 185(c).[1]

Although the computation is individually made, based on the date of hiring and the date of termination, it is a one time per employee calculation which is made only if there is no "just cause." As under the statute interpreted in *Fort Halifax*, "the employer may never have to pay the severance benefits." 482 U.S. at 13, 107 S.Ct. at 2218. Further, in contrast to the Massachusetts statute interpreted in *Simas*, 6 F.3d 849, the Puerto Rico severance statute does not obligate the employer to wait for a period of up to twenty-four months, and further hindered by the need to await a decision from the state unemployment agency. The *Simas* Court, in finding for preemption, found determinative the administrative burden on the employer created by "whether the employee is also eligible for unemployment compensation under Massachusetts law." *Simas* at 853. Hence, the administrative burden under the Puerto Rico statute is considerably less than under the Massachusetts statute

found preempted at *Simas*. The Court further finds that creating a presumption requiring the retaining of the employees on basis of seniority in different lay off scenarios, P.R.Laws Ann. tit. 29, § 185(c), is not determinative because said statutory requirement is not cumbersome nor complex, and the administrative scheme required is minimal.[2]

As recognized by the First Circuit in *Simas*, preemption of state severance laws by ERISA "is a matter of degrees." Puero Rico's Severance Law is closer to the one discussed in *Fort Halifax* rather than to the one in *Simas*. Therefore, the cause of action under Puerto Rico's Severance Law is not preempted by ERISA and the case is remanded to the Superior Court of Puerto Rico, Mayaguez Part. The Motion for Partial Dismissal becomes moot.

**IT IS SO ORDERED.**

### JUDGMENT

For the reasons set forth in the Opinion and Order of March 29 1996, the Court finds that the cause of action under Puerto Rico's Severance Statute is not preempted by ERISA, *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987). Hence, the removal under 28 U.S.C. 1441(b) is unwarranted. The case is remanded to the Superior Court of Mayaguez.

IT IS SO ORDERED.

---

1. The two-year waiting period under Massachusetts law encumbered by the unemployment decision discussed in *Simas* is quite different from the six-month period required under local law not complicated by an unemployment decision:
    § 185(c) Order of retaining employees
       In any case where employees are discharged for the reasons indicated in subsections (d), (e) and (f) of the preceding section, it shall be the duty of the employer to retain with preference in the job those employees of greater seniority provided there are positions vacant or filled by employees of less seniority in the employment within their occupational classification which may be held by them, it being understood that preference shall be given to the employees discharged in the event that within the six months following

their lay-off the employer needs to employ a person in like or similar work to that which said employees were doing at the time of their discharge and within their occupational classification, following also the seniority order in the reinstatement, except, and in both situations, in those cases in which there is a clear and conclusive difference in favor of the efficiency or capacity of the workers compared, in which case the capacity shall prevail.

2. Requiring employers to have seniority lists by classification overriden only by "clear" and "conclusive" evidence of "efficiency or capacity" of workers is not a complex requirement for employers. P.R.Laws Ann. tit. 29 § 185(c).