**ABLE SALES COMPANY, INC., Plaintiff,**

v.

**MEAD JOHNSON PUERTO RICO, INC., et al., Defendants.**

No. CIV 05–1111(PG).

United States District Court, D. Puerto Rico.

March 7, 2006.

Carlos A. Rodriguez–Vidal, Esq., San Juan, PR, for Plaintiff.

Edgardo L. Rivera–Rivera, Esq., Hato Rey, PR, Jorge A. Fernández–Reboredo, Esq., San Juan, PR, for Defendants.

## ORDER

PEREZ–GIMENEZ, District Judge.

On January 31, 2005, defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(1) and 1446. (Docket No. 1.) On February 10, 2005 plaintiff's filed a Motion to Remand (Docket No. 2.) Plaintiff later moved to stay and sought leave to conduct limited discovery on the jurisdictional issues. (Docket No. 12.) On May 25, 2005, the Court granted in part and denied in part plaintiff's motion, deny-

ing the request to stay but granting the petition to conduct limited jurisdictional discovery. Plaintiff was granted sixty (60) days to conduct the discovery and the Court held the motion to remand in abeyance until the discovery was completed. Following several procedural events, the matter was referred to Magistrate Judge Camille Velez–Rive for a Report and Recommendation. (Docket No. 25.)

On February 17, 2006, Magistrate Judge Velez–Rive issued her Report and Recommendation finding that the Court lacked subject matter jurisdiction to entertain the case and recommending that the motion to remand be granted. (Docket No. 27.) The filing of the objections deadline was set for March 6, 2006.

On March 6, 2006, defendants filed a Motion for Order Accepting the Magistrate's Report and Recommendation stating that after carefully reviewing the Report and Recommendation and the caselaw cited therein they accepted the recommendation to remand the case to the local courts for all further proceedings. (Docket No. 29.) Having defendants acquiesced to remand their improperly removed case, the Court hereby **GRANTS** plaintiff's Motion to Remand. **(Docket No. 2.)**

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION

VELEZ–RIVE, United States Magistrate Judge.

### INTRODUCTION

On January 18, 2005, Able Sales Company, Inc. (hereinafter "Able Sales") filed a civil action against Bristol Myers Squibb Puerto Rico, Inc. (hereinafter "BMSPR"), Mead Johnson Puerto Rico and Mead Johnson Nutritionals before the Commonwealth of Puerto Rico Court of First Instance, San Juan Part, for preliminary and permanent injunction, violation of the Dealer's Act pursuant to Law 75, 10 L.P.R.A. § 278 et seq., and unjust enrichment. (Docket No. 1, Exhibit 1).

On January 31, 2005, BMSPR filed a Notice of Removal of the action filed by Able Sales pursuant to 28 U.S.C. § 1332(a)(1), 1441(a) and 1446. (Docket No. 1).

On February 10, 2005, Able Sales filed a Motion to Remand the case to state court for lack of federal subject matter jurisdiction claiming the absence of complete diversity of citizenship between Able Sales and BMSPR and lack of a federal question. (Docket No. 2).

On March 23, 2005, BMSPR filed an Opposition to Motion to Remand and Memorandum in support thereof claiming that complete diversity of citizenship exists between the parties in this case. In addition, BMSPR asserts the removal is proper pursuant to 28 U.S.C. § 1441(b) because Able Sales alleges a claim under federal law in light of the federal funds granted as part of the Women's, Infant and Children's Supplementary Nutritional Program (hereinafter "WIC"), under 42 U.S.C. § 1786 and 7 C.F.R. § 246. (Docket No. 11).

On May 25, 2005, the Court granted Able Sales' request to conduct limited jurisdictional discovery for a period of sixty (60) days and held in abeyance the Motion to Remand. (Docket No. 13).

On October 3, 2005, Able Sales filed its Reply to Opposition to Motion to Remand making reference to the facts ascertained through limited discovery in support of its request to remand for lack of subject matter jurisdiction in absence of diversity of citizenship between the parties. (Docket No. 22).

On January 25, 2006, the Motion to Remand and related pleadings were referred to this United States Magistrate Judge for

report and recommendation. (Docket Nos. 25 and 26).

## LEGAL ANALYSIS

In this case there are two (2) conceivable basis for federal jurisdiction, namely, diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and/or federal question under 28 U.S.C. § 1441(b). We thus discuss both possible grounds for federal jurisdiction.

### A. Diversity of Citizenship.

■ "Diversity jurisdiction exists only when there is complete diversity, that is, when no plaintiff is a citizen of the same state as any defendant." *Gabriel v. Preble*, 396 F.3d 10, 13 (1st Cir.2005). For diversity purposes, a corporation is a citizen of both the state where it is incorporated and "the State where it has its principal place of business." *Id.* § 1332(c)(1). As used in the diversity statute, the term "state" includes Puerto Rico. Id. § 1332(e). *Díaz–Rodríguez v. Pep Boys Corp.*, 410 F.3d 56, 58 (1st Cir.2005).

The First Circuit has identified three (3) tests for determining a corporation's principal place of business:

> One is the 'nerve center' test which searches for the location from where the activities of the corporation are controlled and directed. The two other tests are the 'center of corporate activity' test, i.e., where the corporation's day-to-day management takes place; and the 'locus of the operations of the corporation' test, i.e., where the bulk of the corporation's actual physical operations are located.

*Topp v. CompAir Inc.*, 814 F.2d 830, 834 (1st Cir.1987); *see also de Walker v. Pueb-*

lo *Int'l, Inc.*, 569 F.2d 1169, 1171–72 (1st Cir.1978); *Pep Boys Corp.*, 410 F.3d at 59.

In the recent case of *Pep Boys*, 410 F.3d at 59, the First Circuit clarified that the case law reveals that references to the center of corporate activity test have always been dicta. *Id.* at 60. Thus, the First Circuit ruled that "[i]n the future, district courts required to determine a corporation's principal place of business should not apply the center of corporate activity test. Instead, they should use either the nerve center test or the locus of operations test, depending on the characteristics of the corporation." *Id.* at 61.

■ It is well settled in the First Circuit that the nerve center test applies only to farflung corporations or corporations without physical operations. *Id.*; see *Topp*, 814 F.2d at 834. The principal place of business of a corporation that has the bulk of its physical operations in one state is to be determined under the locus of operations test, even if the corporation's executive offices are in another state. *Id.* at 60.

■ Once jurisdictional allegations are challenged, the party asserting diversity has the burden of establishing those allegations with competent proof. *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942); *Topp*, 814 F.2d at 839; *de Walker*, 569 F.2d at 1172 n. 4; *Media Duplication Services, Ltd. v. HDG Software, Inc.*, 928 F.2d 1228, 1235 (1st Cir.1991).

■ BMSPR has physical operations and is not a complex far flung operation. Therefore, following the directives of the First Circuit in *Pep Boys*, we now proceed to determine where is BMSPR's principal place of business using the "locus operations test."[1] The First Circuit has de-

---

**1.** *Pep Boys* was decided on June 3, 2005 after BMSPR filed its Opposition to the Motion to

Remand on March 23, 2005. (Docket No. 11). Able Sales mainly bases its Reply to the

scribed the locus of operations test as "search[ing] for the location of the corporation's actual physical operations." *Taber Partners, I v. Merit Builders, Inc.,* 987 F.2d 57, 60, 61 (1st Cir.1993); *Pep Boys Corp.,* 410 F.3d at 61.

After limited jurisdictional discovery in this case and after a careful and thorough analysis of the record, including motions, sworn statements, transcripts, and other documents submitted to this Court for its review, we find that complete diversity is lacking. *Salzano–Pascuzzi v. Lucas Insertco Pharmaceutical Printing Co. of P.R.,* 135 F.Supp.2d 277, 278 (D.Puerto Rico 2001).

A review of the record reveals that the following facts are uncontested:

1. BMSPR is a Delaware corporation authorized to do business in Puerto Rico.

2. BMSPR is engaged in the distribution of pharmaceuticals, nutritional and consumer products to customers who are located within and without Puerto Rico.

3. BMSPR is a wholly owned subsidiary of Bristol Myers Company of New York.

4. BMSPR's physical operations are located in Cataño and Bayamón, Puerto Rico.

5. BMSPR's warehouse is in Cataño, Puerto Rico.

6. BMSPR's daily activities are managed in Puerto Rico.

7. Ms. Edda Guerrero, President and General Manager of BMSPR, is a resident of Guaynabo, Puerto Rico.

8. BMSPR's day-to-day management and operations decisions are made in Puerto Rico.

9. The sales and distribution of BMSPR takes place in Puerto Rico.

10. No sales or distribution of BMSPR takes place in Delaware.

11. BMSPR has approximately 200 employees in Puerto Rico.

12. Almost all if not all of the 200 employees of BMSPR reside in Puerto Rico.

13. BMSPR files its income tax returns in Puerto Rico.

14. BMSPR pays municipal taxes in Puerto Rico.

15. BMSPR files its volume of business tax returns ("patente") in Puerto Rico.

16. BMSPR pays workmen's compensation premiums for its employees in Puerto Rico.

17. BMSPR files returns and pays property taxes on its inventory in Puerto Rico.

18. BMSPR's tax records are kept on a separate and distinct basis from the parent company.

19. BMSPR's general ledger for audit purposes is kept by the office of Ramón Menéndez (BMSPR's Assistant Treasurer) in Guaynabo, Puerto Rico.

20. BMSPR sells its products in Puerto Rico and the Caribbean.

21. BMSPR's payroll bank account is in the Banco Popular in Puerto Rico.

Opposition filed on October 3, 2005 in the case of *Pep Boys* in support of its contention that there is no diversity of citizenship in this case. (Docket No. 22). A review of the docket shows that BMSPR never requested leave from the Court to file a sur-reply to Able Sales' reply to contest the application of *Pep Boys* to this case and the "locus operations test."

22. BMSPR has a payroll officer in Puerto Rico.

23. Each of the three (3) business units of BMSPR (pharmaceuticals, nutritional and wound management and ophthalmic products) has a general manager residing in Puerto Rico.

24. The offices of the general managers of BMSPR are in Guaynabo, Puerto Rico.

25. BMSPR's assets are in Puerto Rico, except some automobiles and receivables in the Caribbean and Florida which are kept to do business in these regions.

26. As of December 31, 2005, the total amount of assets of BMSPR was $45,027,970. Of this total amount of assets, a 5% of the assets are located outside Puerto Rico.

27. The sales of products of BMSPR in the Caribbean and Florida are registered or booked in the journals and ledgers of BMSPR in Puerto Rico.

28. BMSPR carries the products that it sells in the Caribbean and Florida in its books in Puerto Rico as inventory.

29. BMSPR maintains in Puerto Rico a Human Resources Department.

30. Personnel records and employee files for BMSPR's employees are kept in Puerto Rico.

31. BMSPR's accounting books are kept in Puerto Rico, including journals, ledgers and trial balances.

32. The preparation and the review of reports relating to cash flow or profit and losses or other financial statements of BMSPR are done in Puerto Rico.

33. BMSPR's major customers are in Puerto Rico.

34. BMSPR participates and donates money to charitable activities in Puerto Rico.

35. BMSPR's corporate annual report is filed on a yearly basis with the Department of State of Puerto Rico.

36. BMSPR is considered to be in good standing having complied with the filing of the corresponding annual reports at the Corporate Registry of the Puerto Rico State Department.

37. BMSPR's resident agent is in Puerto Rico.

38. BMSPR's employees are covered through a self-insured health plan administered by a national company in Puerto Rico.

We also find that the major policy decisions of BMSPR are made by the parent company Bristol Myers Squibb, Inc. and most of the officers and directors reside and work in different locations in the mainland. Nonetheless, these are the types of factors that would be relevant under the nerve center test. See *Topp*, 814 F.2d at 837–38. As discussed by the First Circuit in *Pep Boys*, however, the nerve center test does not dictate the principal place of business of a corporation that, like BMSPR, has all of its extensive physical operations in one state and its administrative and executive functions in another state. Rather, consistent with the policies underlying 28 U.S.C. § 1332, the locus of operations test is determinative in this context. *Pep Boys*, 410 F.3d at 62; see also, *Lucas*, 135 F.Supp.2d at 280 (as stated by this Court in *Savis Inc. v. Warner Lambert, Inc.*, 967 F.Supp. 632 (D.Puerto Rico 1997)), and the First Circuit in *Topp*, the general rule regarding the determination of the principal place of business, and, thus, of citizenship with re-

gard to a diversity determination, of a corporation engaged in only one business in one place (Puerto Rico), even assuming that its parent company exerts a high degree of control through ownership and otherwise, the state of operations is said to be controlling when determining said corporation's principal place of business.

In view of the above findings of fact, it is clear that the locus of BMSPR's operations is in Puerto Rico. Thus, we conclude that the principal place of business of BMSPR is in Puerto Rico.

As in *Pep Boys,* 410 F.3d at 62, this conclusion has an important implication in this case. It is undisputed that Able Sales, who is the plaintiff in this case, is a citizen of Puerto Rico. Accordingly, the parties are not diverse and federal jurisdiction does not stem under diversity of citizenship.

Nonetheless, our inquiry does not end here. We now analyze the other basis for federal jurisdiction raised by BMSPR, to wit: federal question.

## B. Federal Question.

BMSPR succinctly argues in its Opposition to the Motion to Remand that, even if the Court finds there is no complete diversity of citizenship in this case, the Court still has jurisdiction over this case because Able Sales asserts a claim under federal law.[2] In essence, BMSPR avers that the basis for Able Sales' claims involve the federal government's role as provider, regulator and supervisor of federal funds granted to the Commonwealth of Puerto Rico for its participation in the WIC program, pursuant to 42 U.S.C. § 1786 and 7

C.F.R. § 246. BMSPR contends that it will raise as a defense to Able Sales' claims that BMSPR's policy of not accepting Able Sales' expired vouchers/certificates as payment for its products did not cause them damages because BMSPR is complying with the corresponding federal statutory requirements and federal regulations which are invoked in Able Sales' complaint. BMSPR thus claims that removal in this case was proper. (Docket No. 11, p. 10).

Able Sales opposes this suggested basis for jurisdiction arguing that BMSPR's assertion ignores the fact that the complaint is based on a breach of contract of a commercial distribution agreement under Law 75 between Able Sales and BMSPR not on a violation of a federal law or statute. Accordingly, Able Sales claims that a remand is proper in this case. (Docket No. 22, p. 18–19).

■ All district courts are absolutely authorized by Congress to exercise jurisdiction over all actions removed by a defendant if, and only when the litigation falls within the court's original jurisdiction. See *Champagne v. Revco D.S., Inc.,* 997 F.Supp. 220 (D.R.I.1998). For removal to be proper, the Court must have "original jurisdiction" over the matter. 28 U.S.C. § 1441(a). Furthermore, the Court's original jurisdiction is explicitly founded on federal law. *Id.* at § 1441(b). The "arising under [ . . . ] laws of the United States" language of 28 U.S.C. § 1441(b) mirrors the statute conferring the court's Federal Question jurisdiction and, thus, jurisprudence construing 28 U.S.C. § 1331 is equally applicable to the current removal

---

**2.** BMSPR did not raise in its Notice of Removal that this case involved a federal statute or question. (Docket No. 1). This argument was raised for the first time by BMSPR in its Opposition to the Motion to Remand filed by Able Sales. (Docket No. 11, pp. 10–11). The

burden to prove that a federal question has been pled lies with the party seeking removal. *BIW Deceived v. Local S6,* 132 F.3d 824, 831 (1st Cir.1997); *Dukes v. U.S. Healthcare, Inc.,* 57 F.3d 350, 359 (3d Cir.1995).

jurisdiction analysis. *See* 28 U.S.C. § 1331.

 It is logically concluded then that the removal statute is to be strictly construed, and, consequently, uncertainties must be resolved in favor of remand. See e.g. *Rosselló González v. Calderón Serra,* 398 F.3d 1, 11 (1st Cir.2004) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)); *Broadcasting Networks v. Communications Counsel Group,* 2005 WL 1981297 (D.Puerto Rico 2005) (Slip Opinion) (same); *Ortiz–Enríquez v. National Healthcare Affiliates,* 2005 WL 2655278 (D.Puerto Rico 2005) (Slip Opinion) (same); *Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir.1996) (holding that, because of the congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994) (holding that, upon the existence of a clash between a plaintiff and a defendant regarding jurisdictions, uncertainties are resolved in favor of remand.); *Ponce Super Center Inc. v. Glenwood Holdings Inc.,* 359 F.Supp.2d 27, 29 (D.Puerto Rico 2005) (if plaintiffs and defendants "clash about jurisdiction, uncertainties are construed in favor of remand.")

In sum, removal jurisdiction allows defendants, as well as plaintiffs, to benefit from the availability of a federal forum. However, federal jurisdiction, being statutory in nature, can only be granted under certain limited circumstances and when specific requirements are strictly met. Thus, removal is extremely limited. As explained above, one of the circumstances in which federal jurisdiction may be invoked is when a federal question is involved. These statutes make plain that defendants may remove a case to federal court only if the suit initially could have been filed in federal court. Accordingly, the complaint must present either a federal question or diversity of citizenship must exist in order for a case to be properly removed to federal courts.

 "Normally, removal is based on the face of a 'well-pleaded complaint'." *García v. Williamson Dickie Mfg.,* 924 F.Supp. 1, 2 (D.Puerto Rico 1996) (citing *Gully v. First National,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936)). Thus, even though a plaintiff's cause of action may be predicated on state law, the case might still arise under the laws of the United States if a well-plead complaint establishes a right to relief under state law requiring the resolution of a substantial question of federal law in dispute between the parties. See *Franchise Tax Board v. Laborers Vacation Trust,* 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). Moreover, a federal question appears on the face of the complaint if an issue of federal law is a necessary element of a plaintiff's claim or if federal law preempts completely said plaintiff's state law of action. See *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998); *Broadcasting Networks,* 2005 WL 1981297.

 In other words, "the federal controversy must be disclosed on the face of the complaint, unaided by the answer or petition for removal." *Hernández–Agosto v. Romero Barceló,* 748 F.2d 1, 2–3 (1st Cir.1984)(quoting *Gully,* 299 U.S. at 113, 57 S.Ct. 96); see *Rosselló–González v. Calderón–Serra,* 398 F.3d at 10 ("[I]n deciding (for removal purposes) whether a case presents a federal 'claim or right,' a court is to ask whether the plaintiff's claim to relief rests upon a federal right, and the court is to look only to plaintiff's complaint to find the answer."); *Charles D. Bonanno*

*Linen Service, Inc. v. McCarthy*, 708 F.2d 1, 3 (1st Cir.1983) (case law requires that the "elements of the federal claim appear on the face of the state court complaint, without reference to other documents"); *Ortiz–Enríquez*, 2005 WL 2655278.

We now review Able Sales' complaint to determine whether, within its four corners, a federal "claim or right" has been presented.

A plain reading of the complaint reveals that Able Sales' claims are based solely on state and not federal law. Given that a plaintiff is the master of his own claim, as such, it is perfectly acceptable that he may avoid federal jurisdiction by exclusive reliance on state law. See *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). In fact, no cause of action of Able Sales is brought under any federal law but strictly under Puerto Rico contract law. The First Cause of Action is for a violation of the Dealer's Act under Law 75; the Second Cause of Action is for breach of contract; the Third Cause of Action is for unjust enrichment; the Fourth Cause of Action is for specific performance of the contract and for damages; and the Fifth Cause of Action is a request for preliminary and permanent injunction.

Nonetheless, as part of Part II of the complaint, which includes the "Pertinent Facts", Able Sales includes reference to the WIC Program, 42 U.S.C. § 1786, and its implementation in Puerto Rico. A review of this information shows that it was included in the complaint as background information to set the facts which lead to the cause of action for breach of contract. This reference to a federal statute is not enough to create federal question jurisdiction in this case. It is settled law that, notwithstanding, the existence of a federal law issue inherent within a state law cause of action will not necessarily create federal question jurisdiction. *Broadcasting Networks*, 2005 WL 1981297. The fact that the state law claim will require some analysis of federal law is equally insufficient. See *Rivet*, 522 U.S. at 475, 118 S.Ct. 921; *Merrell Dow Pharm, Inc. v. Thompson*, 478 U.S. 804, 809, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); *PCS 2000 v. Romulus*, 148 F.3d 32, 35 (1st Cir.1998); *Ortiz–Enríquez*, 2005 WL 2655278.

More importantly, there is no right of action under the WIC statute, 42 U.S.C. § 1786. *Banco de Ponce v. Hinsdale Supermarket Corp.*, 663 F.Supp. 813, 817 (E.D.N.Y.1987). As recognized in *Banco de Ponce*, 663 F.Supp. at 817, the legislation establishing the WIC Program does not explicitly create a cause of action in favor of either the state agency charged with administering the program or a food retailer. Nor is there any statutory language from which a private right of action can fairly be inferred. *Id.* Thus, even if Able Sales would have wished to establish a cause of action under the WIC statute, it would have been prevented from doing so.

Moreover, BMSPR's argument that it will raise as a defense to Able Sales' claims that BMSPR's policy of not accepting Able Sales' expired vouchers/certificates as payment for its products did not cause them damages, because BMSPR is complying with the corresponding federal statutory requirements and federal regulations which are invoked in Able Sales' complaint, is unconvincing. It is well-settled that the existence of a federal defense is insufficient for removal jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 10–11, 103 S.Ct. 2841; see *Rivet*, 522 U.S. at 475, 118 S.Ct. 921 ("A defense is not part of a plaintiff's properly pleaded statement of his or her claim."). Therefore, BMSPR may not remove this case simply by rais-

ing a federal law defense to Able Sales' claim. *Ortiz–Enríquez*, 2005 WL 2655278.

Thus, even assuming, as BMSPR briefly avers, that some determination pursuant to federal law is needed, it does necessarily mean that the case must be removed to federal court. Moreover, even if there were some ambiguity, which we think there is none, as to the source of law relied upon by Able Sales, it should be resolved against removal. *Rosselló–González v. Calderón–Serra*, 398 F.3d at 26.

■ Finally, BMSPR avers that the basis for Able Sales' claims involve the federal government's role as provider, regulator and supervisor of federal funds granted to the Commonwealth of Puerto Rico for its participation in the WIC program, pursuant to 42 U.S.C. § 1786 and 7 C.F.R. § 246. The fact that some federal funds may be "lurking in the background of this case cannot serve as an independent basis for establishing jurisdiction." *Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1026 (7th Cir.2001); *City of Beatrice v. Aquila*, 2006 WL 208831 (D. Neb. 2006)(Slip Opinion) (Where the United States is neither a party to the contract at issue nor a necessary party in the city's lawsuit, the fact that the contract between the City of Beatrice and the defendants was federally funded and entered into in furtherance of a FEMA-regulated flood control project is insufficient to confer federal question jurisdiction over the city's case).[3]

Having carefully reviewed the four corners of Able Sales' well-pleaded complaint, this United States Magistrate Judge finds that the complaint does not set forth a substantial federal question that would require the construction of a United States statute in order to resolve the controversy between the parties. Thus, this Court also lacks subject matter jurisdiction under 28 U.S.C. § 1441(b).

## CONCLUSION

In view of the foregoing, this United States Magistrate Judge finds this Court lacks subject matter jurisdiction to entertain this case because of the absence of complete diversity of citizenship and of a substantial federal question under 28 U.S.C. § 1441(b). Thus, this case was im-

---

**3.** See e.g. *Miree v. DeKalb County, Ga.*, 433 U.S. 25, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977) (Where an injured passenger brought a contract action against the county claiming the county had breached its agreement with the FAA to restrict land use near the airport in exchange for federal airport development grant money, the suit was between private parties and federal question jurisdiction was lacking.); *Transit Exp.*, 246 F.3d at 1024 (Although the FTA provided funding to Wisconsin to provide transportation services for elderly and disabled persons, the mere existence of a federal regulatory framework governing the use of these federal funds did not convey federal jurisdiction over a dispute between Wisconsin and a transport company over bid eligibility requirements— such claims being ancillary to the federal government's interest.); *U.S. for Use of General Elec. Supply Co., a Div. of General Elec. Co. v. U.S. Fidelity & Guar. Co.*, 11 F.3d 577, 582 (6th Cir.1993) (The federal court lacked jurisdiction over a contract dispute between a contractor and subcontractor for construction of a city waste-water treatment project where the United States did not sign the construction contracts, did not hold title to the property at issue, and although as a condition of funding, the planning, bidding, contracting, and construction was subject to FmHA approval, FmHA's only connection to the project itself was as a funding source.); *City Nat. Bank of West Virginia v. Mountaineer Capital, LP*, 2005 WL 3098923, *1 (S.D.W.Va.2005) (State-law claims, including claims of fraudulent misrepresentation and breach of contract, did not implicate significant issues of federal law as set forth in the Small Business Investment Act and its federal regulations such that the court could exercise federal question jurisdiction; and further noting that any federal issues would be implicated by the defendants' defense.)

properly removed. Accordingly, it is recommended that Able Sales' Motion to Remand (Docket No. 2) be GRANTED and this case be remanded to the state court for all further proceedings.[4]

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–151 (1st Cir.1994); *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986). *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 991 (1st Cir.1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

February 17, 2006.

---

**4.** Pursuant to 28 U.S.C. § 1447(c), the court from which removal is solicited, must grant a motion to remand if it finds lack of subject matter jurisdiction over the suit or if removal was procedurally defective. The court should resolve any doubt in favor of remand, as the removal statute is to be narrowly construed. *See Rosselló González v. Calderón–Serra,* 398 F.3d at 10–11; *Broadcasting Networks,* 2005 WL 1981297.